Pitts *vs.* Hendrix.

No. 61.—Coleman Pitts, plaintiff in error, *vs.* Eleanor Hendrix, defendant.

[1.] The possession of land by a tenant in dower, or as the co-distributee of an estate, is such an interest as may be seized and sold under an execution.

[2.] A growing crop of corn, after it is laid by, and before maturity, passes to the purchaser of the land.

Trover, in Cass Superior Court. Tried before Judge Wright, February Term, 1849.

Pitts *vs.* Hendrix.

This was an action of trover, brought by Eleanor Hendrix against Coleman Pitts, for one hundred barrels of corn. It appeared from the record of the proceedings, that ———— Hendrix, the husband of Eleanor Hendrix, died in possession of a certain tract of land—after his death, Eleanor Hendrix remained in possession. An execution against Eleanor Hendrix was levied by the Sheriff upon "all the interest she had in the land," which was sold, and purchased by Coleman Pitts. At the time of the sale there was a growing crop upon the land. So soon as the corn matured, Coleman Pitts gathered and carried it away; whereupon, Eleanor Hendrix commenced this suit.

The defendant's counsel insisted before the Court below, that the Sheriff, having seized and sold "all the interest which the plaintiff had in and to the land," and she being in possession of the same, could not deny having title to the land, and that the sale of the land under the execution as levied, conveyed to the defendant the interest and the estate which the plaintiff had in and to the land, and also the growing crop of corn on the land, and that he had a right to gather it after it matured.

All which positions were overruled by the Court as being inapplicable to this case; and the Court charged the Jury, that the plaintiff was entitled to recover, because the levy of the Sheriff was void for uncertainty, and, therefore, conveyed no title to the defendant for any thing; that a levy on land, to be valid, must distinctly point out the interest which the defendant has in the land—one-fourth, one-half, &c. just as the case might be—and this not having been done in this case, the sale was void, and the Jury ought to find for the plaintiff the highest value which the corn was proven to be worth.

Which decision and charge of the Court were excepted to by the counsel for the defendant, and upon these exceptions error was joined.


W. AKIN, for plaintiff in error.


JAMES MILNER, for defendant.


*By the Court.*—LUMPKIN, J. delivering the opinion.

We have scrutinized closely the facts of this case, to find, if we could, some legal reason to sustain the decision of the Court below. The contest between these parties is an unequal one, and it is apparent from the record before us, that the defendant, Pitts, has got greatly the advantage of his female adversary. He has bought her entire interest for fifty dollars, when the Jury have found that the crop alone, which was growing on the land at the time of the sale, to be worth one hundred and fifty-six dollars. Our investigation has been unavailing, however, except to satisfy us that, *in law*, the defendant is protected in his purchase.

[1.] Was the interest of Mrs. Hendrix, the defendant in execution, such as could be seized and sold ? Every legal interest in real and personal property can be. The interest of a co-distributee in land which has not been divided, can be levied on and sold. A mere possession can be sold—it is the evidence of title—and the debtor and defendant will not be permitted to deny the title, or to set it up in any one else. Here, the defendant in execution was not only in possession of the land and cultivated it, but the evidence shows that she was the widow of the former occupant, who died on the premises, and that she has resided there ever since. She has, therefore, an interest in the land greater than the mere naked possession—either a right of dower or a child's part. If an interest in remainder or reversion, or even a contingent interest can be sold, it is clear that this was such an interest as was subject to levy and sale.

In the case of *Jackson vs. Graham*, (3 *Caines' Rep.* 188,) the plaintiff's title was deduced under a judgment, execution and Sheriff's deed thereon to the lessor, the defendant in the ejectment being the person against whom the judgment was rendered and execution issued; and it was shown, that before the entry of the judgment, the defendant had been, and then was, in possession. The defendant offered to prove that one Day was the real owner of the premises, and that the defendant had no interest in them. This evidence was rejected, and the plaintiff recovered. An application was made to set aside the verdict, and one ground taken was, that Graham was a *mere tenant at will*, and had no transferrable interest, either by his own act or by operation of law. The Court denied the motion, and gave judgment for the plaintiff, saying that the defendant under an execution became *quasi* tenant to the purchaser; that the purchaser was entitled to all the right the

defendant had in the premises, and to possession as part of his right, and that this would be of no prejudice to the real owner. The defendant had a chattel interest in the land liable to be sold. A Court of Law will not inquire what interest, what title, the defendant had under such circumstances. He is precluded from making the objection that he has no title.

In a very recent case, *Thomas vs. Simpson*, (3 *Barr's Rep.* 60,) this identical question is made and decided. There, as here, the widow was in the actual possession at the time of the death of her husband, retained the possession during the minority of her children, receiving and expending the rents, issues and profits of the premises. The Supreme Court of Pennsylvania held and declared, that it had been so repeatedly ruled in that State, that her interest was subject to execution and sale. And *Rogers*, Justice, in delivering the opinion of the Court, said, " Granting that Elizabeth Simpson, the widow, may have been treated as a disscisor, or retaining the possession of the premises without authority, yet, as her possession has been recognized by those who alone have a right to complain, *it is difficult to comprehend the position* that she acquires no right or interest at law in the real estate."

[2.] Did the growing crop of corn pass with the land ? We think it did. Mrs. Hendrix's interest was sold, and this constituted an item of that interest. It necessarily passed, therefore, by the very terms of the sale. By law, the growing crop could only be separately sold, after maturity. If it did not pass under and by virtue of the sale of the land, it could not be reached at all. Before maturity, the crop only constitutes an element of value, and is not itself a distinct chattel.

A distinction is attempted to be drawn between a maturing and a matured crop—between a crop laid by and one ripe and ready to be gathered. We do not believe that this distinction can be supported. If I buy a tract of land, the owner of the crop is entitled to enter and gather it ; or if the crop be separately sold, the purchaser has this privilege ; but neither has the right to have his immature crop nourished on another's soil. It is inconsistent with the idea of exclusive and paramount title. If it were otherwise, small grain, such as wheat, rye, oats and barley, and even turnips and all other crops which do not require farther cultivation, might be claimed as not having been transferred with the land. It is desirable, perhaps, to have these specified in the ad-

vertisement, with the view to attract bidders. The omission to do so by the Sheriff, cannot affect the title of the purchaser.

The only other point made in the bill of exceptions, is the complaint against the charge of the Court to the Jury, that they *ought* to find the highest price of the corn which was proven. We have overruled that proposition in the case of *Foster vs. Brooks*, admr. &c. recently decided at Macon. The Jury *may* do it—they are not *obliged* to do it. It is a matter of *discretion* and not of *duty*.

The judgment of the Circuit Court must, therefore, be reversed and a new trial granted.