THOMAS C. WHITE *et al.*, plaintiffs in error, *vs.* WILLIAM M. HASLETT *et al.*, executors, defendants in error.

1. Where, during the session of the Court, leave of absence for the term is granted to an attorney, and in a short time afterwards the attorney being present in Court, it was not error for the Judge, *in order to prevent the continuance of a case in which such attorney was the leading counsel, to call the case for trial out of the regular order, unless it was made to appear that the attorney or his client was less prepared for trial on account of such leave of absence having been granted,* or than they would be if the case were not called out of its order.

2. A defendant in execution who lodged with the levying sheriff, on the 15th of September, 1871, an affidavit that the legal taxes on the debt had not been paid, which affidavit was made for the purpose of arresting the sale, and did arrest the sale, and was prosecuted by the defendant to a trial as affidavits of illegality are tried, was liable, on the trial thereof, to the penalties provided by law for the filing of affidavits of illegality for delay only, provided the jury believed it was interposed for that purpose.

3. On the trial of such case, the only legal issue which, under any valid law, could have been before the jury, was whether such affidavit was filed for delay only ; and plaintiffs having attached to the execution an affidavit of the payment of taxes before the defendant filed his affidavit and proved the same on the trial, and the defendant offered no evidence, "We, the jury, find for the plaintiffs ten per cent. damages," was a legal verdict, and one that covered the whole issue.

4. Where, by agreement, an order was passed allowing either party to except to a decision to be rendered at Chambers within ten days, and the bill of exceptions was not certified within the time specified, but within thirty days, these facts constitute no ground to dismiss the writ of error, as the consent order did not deprive this Court of jurisdiction, whatever effect it may have as between the parties. (R.)   See end of Report.

Leave of absence.   Illegality.   Relief Act of 1870.   Damages.   Practice in the Supreme Court.   Before Judge AN-DREWS.   Elbert county.   At Chambers.   January 4th, 1873.

An execution in favor of William M. Haslett and Elbert M. Rucker, as executors of Joseph Rucker, deceased, against Thomas C. White and J. S. White, based upon a judgment obtained in Elbert Superior Court on September 10th, 1866, for $1,809 88, principal, and $675 68, interest, was levied

upon the property of the defendants. The cause of action upon which said judgment was based accrued before June 1st, 1865. On September 12th, 1871, the plaintiffs attached to the execution an affidavit as to the payment of taxes, in compliance with the provisions of the Relief Act of October 13th, 1871. A counter-affidavit was filed by the defendant, Thomas C. White, and the papers were returned to the Superior Court.

The issue thus formed was called out of its regular order on the docket. J. D. Mathews, Esq., of counsel for the defendants, protested against proceeding with the case at that time, for the reasons that he had previously obtained leave of absence from the Court for the term, with the understanding that all cases in which he was leading counsel should be continued, and was then accidentally in the Court-room; that if called in its regular order, the case would not be reached in two days; that he would be compelled to abandon the defense.

The Court ordered the case to proceed. Upon the statement of counsel for plaintiffs that he would ask damages as in cases of illegality, where the affidavit was made for delay only, Mr. Mathews remained in Court and represented the defense.

Upon the trial, counsel for defendants insisted that the burden of proving that the taxes had been paid rested upon the plaintiffs in execution. The Court ruled to the contrary. Counsel for defendants stated that he was taken by surprise by the manner in which the case was called, and had no evidence to introduce. The plaintiffs were introduced and established the payment of the taxes.

The Court charged the jury, in substance, that the affidavit of the defendant, filed under the 5th section of the Relief Act of 1870, was an affidavit of illegality to the fullest extent, and that they had the power to assess such damages, not exceeding twenty-five per cent., as might seem reasonable and just, upon the principal debt, provided it should be made to appear that such affidavit was interposed for delay only.

The jury returned the following verdict: "We, the jury,.

find for plaintiffs in *fi. fa.*, ten per cent. damages, with costs of suit."

The defendants moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in ordering said cause to trial under the circumstances above stated.

2d. Because the Court erred in ruling that the burden of proof upon the issue, as to the payment of taxes, was on the defendants.

3d. Because the Court erred in its charge.

4th. Because the verdict did not cover the issues made by the pleadings.

5th. Because the verdict was contrary to the law and the evidence.

The motion was overruled and the defendants excepted.

When the case was called in the Supreme Court, counsel for defendants in error moved to dismiss the same, because, as appeared from the bill of exceptions, a consent order of Court was taken confining each party to ten days from the decision upon the motion for a new trial, which was to be rendered in vacation, within which to except, whilst said bill of exceptions was certified and filed after the expiration of said specified time. It appeared that the certificate and filing was within thirty days from the rendition of the decision.

The Court overruled the motion, holding that such consent order could not deprive the Supreme Court of jurisdiction, whatever effect it might have as between the parties.

J. D. MATHEWS; H. A. ROEBUCK, by CLARK & GOSS, for plaintiffs in error.

ROBERT TOOMBS, for defendants.

TRIPPE, Judge.

1. There is nothing in the record showing any possibility of damage to plaintiffs in error, on account of calling the case by the Court out of its regular order; or because, a short time previous, leave of absence had been granted to their counsel.

White *et al. vs.* Haslett *et al.*

It was not claimed that the attorney or clients were less pre-pared for trial than they would have been, had such leave not been granted, or than they would be, if the case were not then called.

2. The mere fact that an affidavit of illegality is based on grounds that are not good in law, or that it is filed under the provisions of an Act of the Legislature, which is finally pro-nounced unconstitutional, does not prevent the plaintiff in execution from claiming damages, if it be made to appear on the trial, that it was interposed for delay only. If it is filed with the sheriff, as an affidavit of illegality, accepted by him, as such, and the sale thereby arrested, and it is returned into Court, is heard and tried as other like cases are tried, and the jury find that it was the purpose of the defendant to secure delay only, a case is made for damages. If the grounds set forth be not only not good in law, but not true in fact, and the defendant could have had good reasons, if he had made inquiry of the sheriff as to the papers in the case, then lodged with him, to believe that the grounds were not true, and still prosecutes his affidavit to trial, and does not offer any evidence to sustain even the truth of his allegations, he is clearly liable to the penalties prescribed for the filing of affidavits of ille-gality for delay only.

3. It is contended that the verdict of the jury being simply, "We, the jury, find for the plaintiffs ten per cent. damages," was illegal, because it did not cover the whole issue, in this, that it did not find that the taxes had been paid. In the case of *Mitchell vs. Cothran & Elliott,* decided at the January term, 1873, not yet reported, it was held, that a verdict of a jury finding that the taxes on a debt contracted before June 1st, 1865, had not been paid, is on an immaterial issue,   *   *   * and that it was error in the Court to dismiss the plaintiff's action for such non-payment. If such an issue be immaterial, it was not necessary for the verdict to contain a finding upon it. The only legal issue that could have been before the jury in this case, was, did defendants interpose the affidavit for delay only? In finding damages, the jury decided affirma-

tively on that issue. The verdict legally implies that fact, and it covers the whole issue.

Judgment affirmed.