## LUFBURROW *vs.* KOCH.

Where a testator devised certain lands to his wife for life, and after her death to his son for life, and after his death to his children living at his death, in fee, the son took a vested remainder estate, subject to be divested upon his death before that of the first life tenant; he could sell and transfer whatever interest he might have in the land; his interest was subject to levy and sale; and a judicial sale thereof would convey the title as fully as if he himself had made the sale.

January 26, 1886.

Wills. Estates. Title. Levy and Sale. Remainders. Before Judge ADAMS. Chatham Superior Court. June Term, 1885.

Reported in the decision.

J. R. SAUSSY, for plaintiff in error.

JOHN M. GUERARD, for defendant.

BLANDFORD, Justice.

The father of plaintiff in error, by his will, devised certain lands to his wife for life, and after her death to his son, the plaintiff in error, for life, and after his death to his children living at his death, in fee.

Judgment having been obtained against Orlando H.* it was levied on the land devised—his interest therein, before the death of his mother, the first life tenant.

The question here is, is the interest of Orlando H. Lufburrow in the land liable to be sold under the judgment and execution against him.

The plaintiff himself could sell and transfer whatever interest he might have in this land, under the laws of this state. Code, §§2691, 2695. A judicial sale conveys the title as fully as if made by the person against whom the process issues. Code, §2619.

What estate did the plaintiff in error take under his father's will? Was it vested or contingent?

A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen. Code, §2265.

We think the estate was a vested estate in plaintiff in error, subject to be divested upon his death before his mother, the first life tenant. 4 Kent Comm., 202; *Holcombe vs. Tuffts et al.*, 7 *Ga.*, 538; *Wilkinson & Wilson vs. Chew*, 54 *Ga.*, 602. See also Phipps *vs.* Akers, 43 E. C. L. R., 569; 113 U. S., 341.

---

*The son of testator.

The authorities cited abundantly sustain the proposition laid down.

So we think the interest of plaintiff in error is subject to levy and sale.    93 N. C. R., 384.

Judgment affirmed.