## BAKER *vs.* AKERMAN, executrix.

An affidavit of illegality was interposed to the levy of an execution which purported to be against two defendants as principals. The affiant alleged that he was the surety of his co-defendant, and this fact was known to the plaintiff in execution before the judgment on which the *fi. fa.* issued was rendered; that the plaintiff " made a contract with the " principal defendant " on or about the 1st of April, 1882, by which, for a valuable consideration, she agreed to indulge him on said *fi. fa.* and to extend the time for the payment of the same without affiant's knowledge or consent, and by this. contract and arrangement he was released from all liability on said *fi. fa.*, as his risk as security was thereby increased:"

*Held*, that such affidavit was demurrable. It set out no fact on which issue could be taken or on which perjury could be assigned if it should appear to be false. The statements are merely conclusions, and neither the terms of the contract for indulgence, nor the consideration therefor, nor the time for which the collection of the *fi. fa.* was suspended, are stated.

(*a.*) The case is utterly without merit, and must have been brought to this court only for delay; and ten per cent. damages are awarded against the plaintiff in error.

April 20, 1886.

Principal and Surety. Practice in Supreme Court. Damages. Before Judge FAIN. Bartow Superior Court. July Adjourned Term, 1885.

Reported in the decision.

J. A. BAKER, for plaintiff in error.

J. B. CONYERS, by J. H. LUMPKIN, for defendant.

HALL, Justice.

There was no error in sustaining a demurrer to the affidavit of illegality in this case, which alleged that affiant was the security of his co-defendant, and this fact was known to the plaintiff in execution before the judgment on which the execution issued was rendered; and that she " made a contract with the " principal defendant " on or about the 1st of April, 1882, by which, for a valuable con-

sideration, she agreed to indulge him on said *fi. fa.* and to extend the time for the payment of the same without affiant's knowledge or consent, and by this contract and ar-rangement he was released from all liability on said *fi. fa.*, as his risk as security was thereby increased." There is no fact set out in this affidavit upon which issue can be taken, or on which perjury could be assigned, in the event it should turn out to be false. The statements are only conclusions, which it would be the province of the court, and not of the affiant, to draw from facts properly stated; the terms of the contract for indulgence are not stated, nor is the consideration alleged to be paid therefor shown, nor the time extended in consequence thereof for which collection of the execution is suspended. Such general averments amount to nothing. They are mere *brutum fulmen* and cannot be passed upon by the court. The case is utterly without merit, and, as appears from the record, could have been brought to this court only for delay, and we feel constrained, in accordance with the request of the plaintiff in execution, to award her ten per cent. damages for the delay she has suffered in consequence of suing out and prosecuting this frivolous writ of error.

Judgment affirmed with damages.