RUSK *v.* HILL, ordinary, for use etc.

The reversion in lands which have been assigned as dower is subject to levy and sale at the instance of creditors of the husband's estate.

Argued November 14, — Decided December 9, 1904.

Levy and claim. Before Judge Gober. Cherokee superior court. February 23, 1904.

*H. B. Moss* and *J. P. Brooke*, for plaintiff in error.
*J. Z. Foster*, contra.

COBB, J. The only question involved in this case is whether the reversionary interest of the estate of a decedent in land which has been assigned to his widow as dower can be seized on execution issued in favor of a creditor of the estate.

There is in this State no general statute prescribing definitely what property of a debtor is subject to levy and sale; our statute providing simply that executions may be levied on "all the estate, real and personal, of the defendant, subject to levy and sale." Civil Code, § 5413. Authority in this State to levy upon "lands and tenements" is derived from the statute 5 Geo. II, which became incorporated into our law by our adopting statute of 1784. *Pitts* v. *Bullard*, 3 *Ga.* 10, 11. Hence common-law executions in this State usually order the levying officer to seize enough of the "goods and chattels, lands and tenements," of the debtor to make the sum due.

A vested remainder, subject to be divested upon the happening of a given contingency, can be seized on execution against the remainderman before the death of the life-tenant. *Lufburrow* v. *Koch*, 75 *Ga.* 448; *Shipp* v. *Gibbs*, 88 *Ga.* 184. In *Wilkerson* v. *Chew*, 54 *Ga.* 602, 604, it was said that, "Upon principle as well as authority, subjection to levy and sale should rest on two questions only. Is there a vested interest? and is it so definite as to be susceptible of description in terms of legal certainty?" Accordingly it was held in that case that the interest of an heir in the reversion of land devised to a tenant for life, as well as a vested interest in remainder, was subject to levy and sale. And in *Pitts* v. *Hendrix*, 6 *Ga.* 454, it was said that "Every legal interest in real and personal property" can be seized on execution. It is therefore settled in this State that neither possession nor the

right to immediate possession is necessary to render the interest of a debtor in land subject to levy and sale.

"Dower is the right of a wife to an estate for life in one third of the lands" of her deceased husband. Civil Code, § 4687. The estate in dower is therefore simply a life-estate, and subject to be dealt with as any other life-estate. The interest of the life-tenant, or dowress, is subject to levy and sale at the instance of her creditors. *Pitts* v. *Hendrix*, 6 *Ga.* 452. There is no statute in this State expressly providing that the reversion in dower lands is subject to levy and sale, though laws have been passed recognizing that it was an asset in the hands of a legal representative for the payment of debts. See Civil Code, §§ 3513, 3514. Nor has the question ever been directly decided by this court. The nearest approach to it was in *Parler* v. *Johnson*, 81 *Ga.* 254, where it was held: "Though the right of a widow to her dower in land seized as the property of her deceased husband be not reserved in the levy, it may be reserved in the sale and in the sheriff's deed, and the conveyance will be effective as to the reversion." If the whole land may be seized, and a deed made which will be "effective as to the reversion," the same result can be accomplished by seizing simply the reversion in the first instance. Clearly on principle and authority this can be done. In Massachusetts it has been expressly decided that it can. Peabody *v.* Minot, 24 Pick. 329. The reversion in lands out of which dower has been assigned does not differ in nature from any other reversion, and the same reasons which would authorize a sale of the reversion in lands devised to another for life would also authorize the seizure and sale of the reversion in lands set apart as dower. It is true that in *Jolly* v. *Lofton*, 61 *Ga.* 154, and cases which followed it, it was held that the reversion in lands set apart as a homestead was not subject to levy and sale during the existence of the homestead estate. Those decisions were based upon the language of the homestead law, providing that no execution or judgment should ever be enforced against the homestead property; and this language was held to be broad enough to include the reversionary interest. Clearly, therefore, these decisions are not controlling here. There was no error in directing a verdict for the plaintiff in execution.        *Judgment affirmed. All the Justices concur.*