## WHITFIELD et al. v. MEANS.

BECK, J. 1. Item 7 of a will contained the following language: "I give, bequeath, and devise to my daughter, Mary E. Means, wife of John S. Means, Lot No. —— of my tract of land lying in said county, on Middle River, now owned by me, whereon I now live, to have said lot of land No.—— to her and her children and to the exclusion of all other persons whatever, said lot of land in fee, to her and her child and children all rights thereto appertaining." This was a devise to Mrs. Means and her children, and vested title in her and such of her children as were living at the date of the will and at the death of the testator, as tenants in common. McCord v. Whitehead, 98 Ga. 381 (25 S. E. 767).

2. The direction in a subsequent item of that will that certain named grandchildren of the testator be' paid by Mary E. Means and other named children of the testator a certain sum of money in lieu of the grandchildren's proportionate part of the real estate, connected with the recital that the testator had bequeathed all of his land to his daughter, Mary Means, and other children, would not authorize a different construction of the provisions of item 7 from that which we have given it in the preceding headnote.

3. It follows that where one of the children of Mary E. Means took possession of the lands devised in item 7 of the will, having purchased the interest of Mary Means, the mother, and having ousted the other tenants in common, the tenants in common so ousted could maintain an action for the recovery of their interest in the land.

4. The court erred in sustaining a general demurrer to the petition.

*Judgment reversed. All the Justices concur.*
JULY 21, 1913.

Complaint for land. Before Judge Meadow. Franklin superior court. August 27, 1912.

Mrs. A. M. Whitfield, Hugh Means, and others brought their action for the recovery of certain land against T. B. Means, the brother of petitioners, alleging that they and T. B. Means were the children of Mary E. Means and were the joint owners and tenants in common of the land sued for, which had formerly belonged to Thomas J. Langston, who died in the year 1885, leaving a will, the 7th and 9th items of which were as follows:

"Item Seventh. I give, bequeath, and devise to my daughter, Mary E. Means, wife of John S. Means, Lot No.—— of my tract of land lying in said county, on Middle River, now owned by me, whereon I now live, to have said lot of land No.—— to her and her children and to the exclusion of all other persons whatever, said lot of land in fee, to her and her child and children all rights thereto appertaining."

"Item Ninth. I desire and direct that my grandchildren,

namely, Joel T. Langston, Rebecca E. Viles, wife of John T. Viles, Georgia B. Langston, children of Reuben B. Langston, deceased, be paid by William F. Langston, Nancy Aderhold, Mary E. Means, and Martha M. Means, the sum of ————————— in lieu of their proportional share of my real estate, having bequeathed my entire tract of land to said Wm. F. Langston, Nancy W. Aderhold, Mary E. Means, and Martha M. Means, said proportional share as the said Reuben B. Langston, deceased, would be entitled to was he living at the time.  Each share being individually paid to them individually and remain their individual property."

The plaintiffs alleged, that, under the provisions of item 7 of the will, they became tenants in common with their mother and their brother, T. B. Means; and that T. B. Means had by purchase acquired the interest of their mother in the lands, and had done and performed such acts as amounted to, an ouster of petitioners.

*J. H. Skelton,* for plaintiffs.