### 17071.   ·FELKER v. STILL, administrator.

1. Where a portion of an affidavit of illegality has been dismissed on demurrer for insufficiency, and the remainder is admitted to be incorrect, the jury may be authorized to infer from this that it was filed for delay only, and a verdict assessing damages in favor of the plaintiff in execution, at less than 25% of the principal debt, will not be disturbed, where there is any evidence to support it, unless for some material error of law.

2. The court did not err in sustaining the demurrer to the affidavit of illegality and disallowing the amendment thereto, or in overruling the motion for a new trial.

DECIDED APRIL 14, 1926.   REHEARING DENIED MAY 11, 1926.

Affidavit of illegality of execution; from Walton superior court —Judge Fortson.   November 16, 1925.

Application for certiorari was made to the Supreme Court.

*J. H. Felker,* for plaintiff in error.

*Orrin Roberts, R. L. & H. C. Cox,* contra.

LUKE, J.   John M. Carter, executor of the will of William L. Boss, brought suit against J. H. Felker on a note given by Felker for the purchase-price of certain land.   During the pendency of the suit Carter died, and J. T. Still was made administrator de bonis non with the will annexed, and the suit on the note so pro-

---

Appeal and Error, 4 C. J. p. 869, n. 96.
Costs, 15 C. J. p. 281, n. 9.
Executions, 23 C. J. p. 548, n. 75; p. 553, n. 77.
Trial, 38 Cyc. p. 1302, n. 63.

ceeded. Defendant filed a plea and an amendment thereto, part of which was stricken on motion of counsel for the plaintiff. The trial resulted in a verdict against the defendant. Defendant made a motion for a new trial, and, upon the overruling of the motion, carried his case to the Supreme Court, where it was dismissed on May 15, 1924, and a rehearing denied him June 20, 1924. See *Felker* v. *Still,* 158 *Ga.* 343 (123 S. E. 303). Still, administrator, then had an execution to issue on the judgment rendered in the lower court, executed a quitclaim deed to Felker conveying to him the land for which the note sued on was given, had the deed recorded in the clerk's office, and then placed the fi. fa. in the hands of the sheriff for levy. The sheriff levied on the land for which the purchase-money note was given, and also on a lot in the City of Monroe and a Packard automobile. Felker then obtained a temporary restraining order to prevent advertisement and sale of the property. The court refused a permanent injunction, and Felker again brought the case to the Supreme Court, and it was again dismissed by that court on March 11, 1925, and a rehearing was denied on April 20, 1925. See *Felker* v. *Still,* 160 *Ga.* 104 (127 S. E. 609). Still, administrator, then had the property levied on under the fi. fa., and Felker filed an affidavit of illegality and an amendment thereto. The plaintiff in fi. fa. demurred to the affidavit of illegality, and the court sustained the demurrer and struck all the grounds of the affidavit of illegality except one ground, in which it was alleged that no deed was executed, filed, and recorded prior to the levy, conveying to the defendant in fi. fa. the land for which the note sued on was given, as provided by section 6037 of the Civil Code. The court, on motion, also disallowed the amendment. The case went to the jury upon the question of whether or not the deed in question was executed, filed, and recorded prior to the levy. On the trial the defendant in fi. fa. swore: "Yes, I swear in the affidavit that there was no deed filed and recorded from Still to me for this levy. . . I searched the deed record and found none. . . The record produced here shows a deed from Still recorded July 7, 1924. It seems there was a deed from Still on the record; I never saw that before. . . I am mistaken about the Still deed." Since the other grounds of the affidavit of illegality had already been stricken on demurrer, this admission by defendant eliminated the only remaining ground,

and the court instructed the jury to find the property subject to the levy, and also instructed them that the only question left for their determination was whether or not the affidavit of illegality was interposed for delay only, and, if so, what damages, in their judgment, should be assessed against the defendant in fi. fa., such damages in no event to exceed 25% of the principal debt. The jury assessed damages against the defendant in the sum of $948.31, the verdict in the original suit having been for $6,322.05 principal, together with interest. Felker made a motion for a new trial, which was overruled, and he excepted, bringing the case to this court, assigning error upon the sustaining of the demurrer to the affidavit of illegality, upon the disallowance of the amendment thereto, and upon the overruling of his motion for a new trial.

Felker's original and amended affidavit of illegality is of considerable length and will not be here stated in full, but it alleged, in the main, that under the will of William L. Boss the executor had no authority to sell the land which movant bought, and the purchase price of which was the basis of the original suit against him; that some of the legatees were minors; that movant could not get a good title to said land; that Still was not the legal representative of the deceased executor of the will; that the will had never been probated in solemn form; that unless the cloud on the title was removed the sale would amount to a confiscation of the property; that the consideration for which the note sued on was given has failed; that movant was deceived and misled to believe that the will did contain power to sell the land in question, and that no deed was executed and recorded prior to the levy as provided by law. Movant admitted by his evidence that there was no merit in the last of these allegations; and the other allegations were properly stricken on demurrer, or disallowed, because they were but an attempt to go back of the judgment, and were not proper allegations in an affidavit of illegality. If they were proper matters of defense to the original action, they should have been set up as a defense to the original suit; and if they were set up as a defense to the original suit and were improperly stricken (which is not now before us for adjudication), the defendant to the suit had his remedy, of which he should have availed himself. As a matter of fact, the record shows that these allegations of the af-

fidavit of illegality are substantially a repetition of the allegations set out in the amendment to the answer to the original suit on the note.

The jury were authorized, under the facts, to award damages for the delay occasioned by the filing of the affidavit. Where a portion of an affidavit of illegality has been dismissed on demurrer for insufficiency, and the remainder is admitted to be incorrect, as in the instant case, the jury may be authorized to infer from this that it was filed for delay only, and a verdict assessing damages in favor of the plaintiff in execution, at less than 25 per cent. of the principal debt, will not be disturbed, where there is any evidence to support it, unless for some material error of law. Civil Code, § 5308; *Jordan* v. *F. & M. Bank,* 5. *Ga. App.* 244 (5) (62 S. E. 1024) ; *White* v. *Haslett,* 49 *Ga.* 280 (2, 3), 283.

The motion for a new trial complains of the following charge: "The question whether or not the defendant filed this illegality for the purpose of delay is for you to determine." The error assigned is the omission of the word "only" after the word "delay." Reference to the charge on this subject shows that on five different occasions the court used the expression "delay only." The jury were not misled by the single omission of which complaint is made.

Error is assigned also because the court refused to charge that "The burden of proof is on the plaintiff to show that the illegality was filed for delay only," and it is insisted that "the burden of proof is on the plaintiff in fi. fa.," yet in his brief the movant says: "Defendant Felker *assumed* the burden of proof on the illegality." If a plaintiff in fi. fa. makes out a prima facie case, or if the defendant in fi. fa. admits a prima facie case and assumes the burden, then the defendant must carry the burden to the extent of sustaining by proof all the essential allegations in his affidavit of illegality, but this would not deprive the plaintiff in fi. fa. of the right to open and conclude the argument. *James* v. *Edward Thompson Co.,* 17 *Ga. App.* 578 (2) (87 S. E. 842) ; *Bertody* v. *Ison,* 69 *Ga.* 317; *Alexander* v. *City of Atlanta,* 21 *Ga. App.* 737 (95 S. E. 267).

Reference to the record shows that the plaintiff in error suffered no injury from the charge of the court or from the rejection of testimony. On the contrary, the court was rather liberal in the admission of testimony of the defendant in fi. fa., he having been

permitted to testify about allegations in the affidavit of illegality which had been stricken, not for the purpose of supporting the stricken allegations, but for the purpose of permitting him to show, if he could, that he filed his affidavit in good faith and not for delay only; the last named being the only issue finally involved in the trial of the illegality. It suffices to say that the motion for a new trial was without merit, and the trial judge properly overruled it.

The record shows that this litigation has been pending for more than five years, the original suit being returnable to the February term, 1921, of the superior court; and, including two motions for rehearing, it has been presented five times to the appellate courts. It is obvious that there were no legal grounds for a reversal of the judgment of the lower court on the record now before us; and it is ordered (as requested by the defendant in error) that ten per cent. damages for delay be awarded the defendant in error, and that this be entered in the remittitur, as provided by section 6213 of the Civil Code.

*Judgment affirmed, with damages. Broyles, C. J., concurs. Bloodworth, J., not participating, on account of illness.*