REGISTER *v.* HARPER *et al.,* executors.

No. 9751. OCTOBER 12, 1933.

*Edwin J. Feiler, M. Price,* and *Edwin A. Cohen,* for plaintiff.
*D. M. Clark* and *Gibbs & Symmes,* for defendants.

HILL, J. The Civil Code (1910), § 3929, provides that, "Upon the death of the owner of any estate in realty, which estate survives him, the title vests in his heirs at law." The undivided interest of a cotenant is subject to levy and sale. *Leonard* v. *Scarborough,* 2 *Ga.* 73. And see *Starnes* v. *Quin,* 6 *Ga.* 84, 87. "All property, both real and personal, in this State, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Civil Code (1910), § 3895. "The assent of the executor may be presumed from his conduct, as well as his expressed consent; the executor, however, can not, by assenting to legacies, interfere with the rights of creditors, nor can he, by capriciously withholding his assent, destroy the legacy. In equity the legatee may compel him to assent." § 3896. In *Suggs* v. *Sapp,* 20 *Ga.* 100, where an execution against a legatee was levied on the interest of the legatee in certain property devised to him, this court held: "A legacy does not vest in the legatee until the executor has assented to it, or, at least, until the time has come when he ought to assent to it; and that time does not come until it is seen with reasonable certainty that he will not need the legacy to enable him to pay claims of a higher rank than the claim of the legatee. This is a general principle of law."

The executors in the present case have distributed $84,000 among the legatees under item 5 of the will, including the pro rata part which was received by the defendant in fi. fa. This action implied their assent to the entire legacy under item 5. This property distributed included all of the property of the testator, except the undivided share of real estate in Wayne County, which was worth $30,000, with only about $1,000 of debts against it, including taxes due and to become due. At the time of the levy about five years had elapsed since the executors were appointed. In these circum-

stances we are of the opinion that the executors impliedly assented to the legacy, and that the interest of the defendant in fi. fa. in the Wayne County property was subject to levy of the fi. fa. It was said in *Belt* v. *Gay,* 142 *Ga.* 366, 374 (82 S. E. 1071) : "If the law makes the facts alleged an assent, a denial of assent can not change it." In the agreed statement of facts it does not appear that the executors refused to assent to the legacy, but that they have "never affirmatively refused to assent to the legacy in item 5 of testator's will." In *Citizens Bank of Vidalia* v. *Citizens &c. Bank,* 160 *Ga.* 109. (127 S. E. 219), this court held: "The assent of the executor to a devise of land may be either express or implied. His assent may be presumed from the conduct of the executor. When the devisees and executors are the same persons, and the devisees dispose of the land in their individual capacity, the assent of the executors to the legacy will be presumed." The plaintiff is a judgment creditor of an heir at law of a deceased legatee under the will. She can not compel the executors to wind up the estate. Her remedy is by levy of the fi. fa. in her favor against the heir at law of the legatee upon the interest of the defendant in fi. fa. in the property. We think the court erred in holding that the property levied upon was not subject.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*