25767. National Realty Company *v.* Lanier, executor.

Guerry, J. 1. A traverse of the sheriff's official return, filed by an executor, together with and included in an affidavit of illegality to the levy of an execution on property of his testate, in which it is alleged "affiant . . says that since the last term of said court it has come to his notice . . that H. G. White, sheriff, . . made this return of service on the petition," was amendable at a subsequent term of court to show that his testate, before his death, had no notice of the return of the sheriff, within the time to have traversed the return of the officer, as required by law. See Code, §§ 81-1301, 81-1302; *Ellison* v. *Ga. R. Co,.* 81 *Ga.* 691 (13 S. E. 809); *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409 (94 S. E. 610); *Stone* v. *Richardson,* 76 *Ga.* 97; *O'Bryan* v. *Calhoun,* 68 *Ga.* 215.; *Southern States Phosphate &c. Co.* v. *Clark,* 149 *Ga.* 647 (101 S. E. 536). The above is not intended by this court as a ruling that in this case such amendment was necessary or unnecessary to the validity of the traverse under the Code, § 81-214, which

requires' that the traverse be filed "by the defendant" at the first term after notice of the entry of the return of the sheriff; but if necessary, it was allowable.

2. On the trial of an affidavit of illegality and a traverse of the sheriff's official return, "the defendant . . is not entitled to assume the burden of proof by admitting the apparent regularity of the fi. fa. and levy, and alleging that the judgment is void for want of service, and thereupon open and conclude the argument." *Bertody* v. *Ison,* 69 *Ga.* 317; *Felker* v. *Still,* 35 *Ga. App.* 236, 239 (133 S. E. 519). The court erred in allowing the defendant, over timely objection, to open and conclude the argument before the jury.

3. In the trial of the affidavit of illegality and traverse of the official return of the sheriff, filed by the executor of the defendant in fi. fa., it was not error, in the circumstances detailed by him, to allow him to testify that his father, his testate, had no notice, before his death, of the pendency of the suit against him, or of the return of the sheriff.

4. The court erred in overruling the motion for new trial, for the reason stated in headnote 2.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED OCTOBER 30, 1936.

*Howell Cone, Roscoff Deal,* for plaintiff.
*J. P. Dukes, Hester & Clark,* for defendant.

