## 30747. DEAN v. ANDREWS.

JORDAN, Justice.

This appeal is from the grant of a verdict to the defendant notwithstanding a mistrial

Lula Dean brought an equitable complaint against Reba Whigham Andrews alleging that defendant is the

former wife of plaintiff's husband, Paul Dean; that defendant's marriage was terminated by divorce, wherein the defendant was awarded child support; that plaintiff married Paul Dean in 1961; that she, not her husband, thereafter purchased a house and has paid all monies toward the down payment and subsequent payments upon the debt, although title is in her and her husband's names; and that defendant is attempting to levy upon a one-half interest in the house in order to satisfy child support allegedly in arrears from Paul Dean. She prayed that the sale be enjoined and for other relief.

The jury was unable to agree on a verdict, and the trial judge granted a judgment for the defendant notwithstanding the mistrial. On appeal the plaintiff contends that there exists some evidence to prove her claim, and the granting of the judgment notwithstanding the mistrial was error.

We reverse the granting of the judgment notwithstanding the mistrial, as a judgment for defendant could not be granted under the facts of this case. The evidence is uncontroverted that the real estate involved, no matter who paid the purchase price, is the subject of a security deed executed by plaintiff and her husband in 1961. A security deed is an absolute deed passing legal title of said property to the grantee-creditor (Code Ann. § 67-1301) thus leaving no leviable interest in the property in the grantors. *Morgan v. Todd,* 214 Ga. 497 (106 SE2d 37) (1958); *First Nat. Bank of Cartersville v. State Mut. Life Ins. Co.,* 163 Ga. 718 (137 SE 53) (1926). The defendant may not levy upon the property until the title reverts to the grantor unless she first pays the outstanding balance owed the grantee-creditor. Code Ann. § 39-201.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 10, 1976 — DECIDED
APRIL 7, 1976.

*Smith & Golden, B. J. Smith,* for appellant.
*Rolader, Barham, Davis, Graham & McEvoy,*

*Lawrence J. McEvoy, Jr.,* for appellee.