33864. GAMBLE v. PILCHER et al.

BOWLES, Justice.

This appeal is from an order granting judgment on the pleadings to appellee Pilgrim Health & Life

Insurance Company, the court holding that Pilgrim's interest as holder of the security deed on a tract of land was unaffected by the sale of that tract at a sheriff's sale.

Appellant Gamble filed suit against appellees Janice P. Pilcher and Pilgrim Health & Life Insurance Company, alleging that on February 26, 1975, Samuel F. Usher executed a deed to secure debt in favor of appellee Pilgrim conveying the property which is the subject matter of the dispute, which security deed was recorded on March 10, 1975; that Norton Lumber & Supply Company, Inc. filed a materialman's lien against the subject property on March 10, 1975, which lien was foreclosed and reduced to judgment with a special lien on the land; that appellant purchased the subject property at a sheriff's sale in April of 1977; that appellant executed and delivered to Janice P. Pilcher a security deed conveying the subject property; and that it was appellant's belief that the sheriff's deed had conveyed to him the property clear of the lien of the security deed of Usher to Pilgrim. Appellant asked the court to declare and determine his rights in the property.

Pilgrim Health & Life filed its answer, contending that its lien created by the security deed from Usher to appellee was a valid lien which was not defeated by the foreclosure and sheriff's sale; that it did not receive notice of the date, time and place of the alleged sale as required by Code Ann. §§ 39-201 and 39-202; and that appellant was not a bona fide purchaser for value without notice. The trial court granted Pilgram's motion for judgment on the pleadings. Gamble appeals. We reverse.

Appellant complains the trial court erred in granting appellee's motion for judgment on the pleadings because it was not shown conclusively that Pilgrim took the security deed without knowledge of a claim by the materialman.

A materialman's lien attaches from the time materials under contract are delivered. *Picklesimer v. Smith,* 164 Ga. 600 (139 SE 72) (1927). The holder of a security deed takes subject to any claim for materials supplied, of which he has notice, before his security deed is recorded. *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787 (102 SE 528) (1919); *Caldwell v. Northwest Atlanta Bank,* 194 Ga. 370 (21 SE2d 619) (1942). Where the holder

of the security deed takes the security deed with notice of the claim of the lien, it is assumed that he takes the security deed with the knowledge that the materialman has the right to levy on the property in order to obtain payment for the materials supplied.

In reviewing the record before the trial court, we do not find that appellee proved that it took a deed to secure debt without notice of the materialman's claim against the property, leaving a question of fact for jury determination. Therefore, the trial court erred in granting appellee's motion for judgment on the pleadings, an issue remaining as to whether the security deed held by appellee was, under the facts of this case, superior to the materialman's lien and the subject judgment perfecting the same.

Code Ann. §§ 39-201 and 39-202 do not apply in this case. The holder of a security deed who takes with actual notice of a materialman's lien takes subject to that lien. The lien is properly recorded against the original owner, and a subsequent purchaser is not a necessary party to the action. *Oglethorpe Savings &c. Co. v. Morgan,* supra. Code Ann. § 39-201 applies in cases of the holder of a judgment levying against the defendant in fi. fa. who has only an equitable interest in the property. The judgment obtained against Usher was for materials supplied before the execution of the security deed, when Usher was the legal title holder.

The order of the trial court is reversed, and the case is sent back for a trial on the issue of who held the superior lien against the property.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 31, 1978 — REHEARING DENIED NOVEMBER 21, 1978.

*Pilcher & Murray, William Anthony Murray,* for appellant.

*Thomas W. Tucker, A. Montague Miller, Abbot & Murphy, John R. Murphy, III, John H. Ruffin, Jr.,* for appellees.