S90A1240, S90X1241. BYSE v. LEWIS; and vice versa.
(400 SE2d 618)

SMITH, Presiding Justice.

Appellant Annie L. Byse, a/k/a Annie L. Lewis brought this action alleging that she and the appellee, Robert L. Lewis, were owners as tenants in common of a certain tract of land in Fulton County, Georgia. The evidence supports this contention.

We are reversing the jury verdict and the court's judgment and remanding this case to the trial court to be disposed of in accordance with this opinion.

Appellant left appellee in 1985 and brought this suit in 1988. The trial court charged that if appellant left of her own volition, she could not collect any rents or profits from this property. This is error and the jury verdict was based in part on this charge. The jury returned its verdict stating, among other things, that "the plaintiff (appellant) is not entitled to any rental payments due to her wilful absence."

"Each tenant in common has the right of entry and of ingress and egress, which right is several as well as common, and, therefore, may be conferred by one cotenant without the consent of the others." 86 CJS 379, Tenancy In Common, § 19. Therefore whether the appel-

lant left voluntarily or was forced to leave had absolutely no bearing on her legal right to rents and profits. *Thomson Dev. Co. v. Crutchfield*, 161 Ga. 448 (131 SE 154) (1925).

The correct way for tenants in common to arrive at a disposition of their joint interests is one of the following:

1. Sell the property and divide the proceeds.
2. One tenant in common to buy out the other.
3. Allow a foreclosure.
4. Use the statutory or equitable method of partitioning under OCGA §§ 44-6-160 and 44-6-140.

If the parties hereto cannot do one of the first three, then they may file for statutory partitioning.

This case is reversed and remanded to the trial court for dismissal by the court without prejudice to either party. Upon dismissal the parties in this case may then proceed by one of the aforementioned solutions. Because of our resolution of the issue above, we need not reach the other enumerations of error.

*Judgment reversed and remanded. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Asa Kelley concur; Weltner, J., not participating.*

DECIDED NOVEMBER 19, 1990.

*Diana McDonald-Burks,* for appellant.
*Charles Peterson,* for appellee.