A90A1859. HUNT v. LEE.
(404 SE2d 446)

BIRDSONG, Presiding Judge.

In June of 1989 appellee Edith Woodall Lee obtained a fi. fa. for $96,807 in the Superior Court of Lumpkin County for alimony and child support arrearage, effecting a levy on real property owned by

appellant Hugh S. Hunt in DeKalb County. Hunt filed an affidavit of illegality alleging that an action for an accounting he had previously filed against Mrs. Lee, which was then pending in Hall County, acted as an automatic stay; that Mrs. Lee had not made an accurate accounting of money due as required under the divorce decree between the parties; that he had the right to select bonds to fund an alimony trust; and that the land levied upon was an excessive levy as there were other undescribed properties available to her. Mrs. Lee filed a traverse and, after the proceedings in Hall County were concluded in her favor, a hearing was held in Lumpkin County. The trial court determined that Hunt had failed to raise sufficient grounds to challenge the execution and on December 5, 1989, entered an order dismissing his affidavit of illegality with prejudice and causing Hunt's DeKalb County property again to be levied upon for the same amount. No notice of appeal was filed from that judgment, and an application for discretionary appeal was denied by this court (Appeal No. A90D0163, denied July 3, 1990).

On December 21, 1989, Hunt filed a second affidavit of illegality in Lumpkin County, advancing essentially the same grounds concerning the inaccuracy of the accounting plus a new allegation that the Hall County action had been obtained by mistaken testimony and fraud. Mrs. Lee's motion to dismiss the second affidavit of illegality on the ground of res judicata was granted, with a finding that the second illegality was filed only for the purpose of delay. This appeal follows. *Held*:

So far as can be determined from the enumerations of error and the briefs of the parties, the only new allegations raised in appellant's second affidavit of illegality deal with matters involved in the Hall County litigation, the proceedings of which are not included in the record before us. In any case, matters in that case have been concluded, for that judgment was not directly appealed or heard by discretionary appeal. Since no record of these proceedings is attached, all enumerations pertaining to those proceedings cannot be reviewed. *Rowe v. Rowe*, 195 Ga. App. 493 (1) (393 SE2d 750).

As to the dismissal of the second affidavit of illegality, we find no reversible error. Appellant was required by OCGA § 9-13-120 to state a cause of illegality. Under OCGA § 9-13-128, "[w]henever an illegality is dismissed for insufficiency . . . plaintiff in execution may proceed as is provided in cases where claims are dismissed or withdrawn." "Georgia law provides that '(a) judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' OCGA § 9-12-40." *Helmuth v. Life Ins. Co. of Ga.*, 194 Ga. App. 685

(391 SE2d 412). Accord *Liner v. North*, 194 Ga. App. 175 (1) (390 SE2d 263). See also *Holbrook v. General Elec. Cap. Corp.*, 196 Ga. App. 382 (1) (396 SE2d 253). Thus, since no appeal was brought from the dismissal for insufficiency of the first affidavit of illegality and no viable new grounds were raised in the second, the trial court was authorized on the ground of res judicata to dismiss the second illegality pursuant to OCGA § 9-11-41 (b).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991 —
REHEARING DENIED MARCH 13, 1991 —

Hugh S. Hunt, *pro se.*
Harris, Phillips & Harris, R. Britt Harris, Jr., for appellee.