A98A2266, A98A2267. GLOVER v. WARE et al.; and vice versa.
(510 SE2d 895)

ELDRIDGE, Judge.

Henry Hall Ware III, and Margaret Ware Deimling, individually and as Executors on behalf of the Estate of Henry H. Ware, Jr. ("plaintiffs") obtained a final judgment against Clarence H. Glover, Jr. ("defendant"). See *Glover v. Ware*, 222 Ga. App. 297 (474 SE2d 1) (1996).

On April 25, 1997, plaintiffs had the Fulton County Sheriff's Department levy against certain property owned by the defendant in the City of Alpharetta, Fulton County, Georgia, for purposes of a judicial levy, execution, and sale. In 1980, defendant and his former wife, Helen Glover (now Helen Belisle) ("Glover"), purchased 6.2 acres of land with a house at 430 Thompson Street, Alpharetta,

Fulton County, as tenants in common. On July 1, 1994, the defendant and Mrs. Glover were divorced. During the litigation with the plaintiffs in this case, the defendant sought to convey his undivided half interest to Glover. In September 1992, while the property was in the name of Glover alone, Glover had the house and one acre surrounding it refinanced and gave a deed to secure debt on this one acre in her name alone. Because of the fraudulent conveyance to her, Glover was made a party to the lawsuit between the plaintiffs and the defendant; the judgment required that she reconvey to the defendant his one-half undivided interest not only in the house and one acre but also the remainder of the 5.211 acres that was not subject to the deed to secure debt. During the ownership by defendant and Glover, the entire tract of land was annexed into the City of Alpharetta. Thus, the remaining 5.211 acres is not encumbered with any deed to secure debt.

## Case No. A98A2266

1. Defendant's enumerations of error 1, 2, 4, and 5 raise the same issue in different forms, i.e., that the trial court erred in allowing the levy, sale, and execution because it "partitioned" or subdivided the property in violation of state and local law regarding subdivision of property and that the plaintiffs lacked standing to partition the property. We do not agree.

Defendant begs the question when asserting that execution and sale will partition or subdivide the property in violation of state and local laws; the real question deals with what is sold and conveyed under a sheriff's execution and sale. Defendant's position that the conveyance, either by deed or by judicial execution and sale of an undivided one-half interest as a tenant in common, constitutes a subdivision or partitioning of the entire 5.211 acres or that the one-half undivided tenancy in common interest in the 5.211 acres cannot be conveyed separately from the 6.2 acres without constituting a partitioning or subdivision of the tract is contrary to Georgia law, because what is conveyed at execution and sale is only the interest that the defendant possesses at the time of sale.

Under Georgia law, an undivided interest in real property may be created into as many fractional shares of the whole property as the grantor or grantors desire, because it is a fractional ownership interest in the whole and not a division of the land into discrete parts, i.e., subdivision or partitioning. See OCGA § 44-6-120; *Hasty v. Wilson*, 223 Ga. 739, 745-746 (2) (158 SE2d 915) (1967); *Whitfield v. Means*, 140 Ga. 430 (78 SE 1067) (1913). "[A] tenancy in common is created wherever from any cause two or more persons are entitled to the simultaneous possession of any property. Tenants in common

may have unequal shares, but they will be held to be equal unless the contrary appears. The fact of inequality shall not give the person holding the greater interest any privileges as to possession which are superior to those of the person owning a lesser interest so long as the tenancy continues." OCGA § 44-6-120; see also *Mills v. Williams*, 208 Ga. 425 (67 SE2d 212) (1951); *Anderson v. Lucky*, 18 Ga. App. 479 (89 SE 631) (1916). In short, an undivided interest in a tenancy in common is just such ownership interest as would result from sale of the defendant's interest, because any purchaser or purchasers would acquire only defendant's undivided one-half interest in a tenancy in common and would stand in his shoes. Under OCGA § 44-1-2 (a) (3), "the term 'realty' or 'real estate' means: [a]ny interest existing in, issuing out of, or dependent upon land or the buildings thereon."

The deed to secure debt conveyed to the lender the legal title with the right of redemption of the title, a beneficial interest, in the owner-borrower upon complete satisfaction of the obligation. Repayment and cancellation of the deed to secure debt or foreclosure merge both the legal title with the beneficial title to give a fee simple title. See generally *Harvard v. Davis*, 145 Ga. 580, 583 (1) (89 SE 740) (1916); *Barnard v. Barnard*, 91 Ga. App. 502 (86 SE2d 533) (1955); see also *Cook v. Ga. Fertilizer & Oil Co.*, 154 Ga. 41 (1) (113 SE 145) (1922).

When a sheriff levies and sells real property of the defendant-in-fi. fa., such sale affects only the unencumbered interests of the defendant as an involuntary judicial conveyance of such interests. Therefore, an undivided interest in real property, i.e., a tenancy in common, can be subject to levy and sale and such interest sold so that the purchaser acquires the same interests possessed by the defendant-in-fi. fa. See *Morgan Guaranty Trust Co. v. Alexander Equities*, 246 Ga. 60, 61 (268 SE2d 660) (1980); *All Florida Sand v. Lawler Constr. Co.*, 209 Ga. 720 (75 SE2d 559) (1953); *Register v. Harper*, 177 Ga. 769, 771 (1) (171 SE 269) (1933); *Leonard v. Scarborough*, 2 Ga. 73, 77 (2) (1847).

A sheriff's sale of defendant's undivided one-half interest in a tenancy in common does not constitute a partitioning, because such sale merely results in an involuntary conveyance of the one-half undivided interest in a tenancy in common to the entire property to another, which defendant had the right to alienate in a nonfraudulent conveyance. See *Rusk v. Hill*, 121 Ga. 379, 380 (49 SE 261) (1904). Whatever unencumbered interests in land that the defendant-in-fi. fa. could freely alienate by conveyance, the sheriff can levy and sell under the same rights of alienability as an interest in land. See generally OCGA § 9-13-60; *Paces Partnership v. Grant*, 212 Ga. App. 621, 624 (1) (442 SE2d 826) (1994); *Hortman v. Childress*, 162 Ga. App. 536, 537-538 (292 SE2d 200) (1982); *Alderman v.*

*Crenshaw*, 84 Ga. App. 344, 346-347 (1) (66 SE2d 265) (1951). Any new tenant in common would then have standing as joint owner to bring a petition for partitioning among the several available remedies. *Byse v. Lewis*, 260 Ga. 551, 552 (400 SE2d 618) (1990). The Supreme Court has suggested that partitioning is the legal remedy that a tenant in common would exercise after practical remedies to dispose of joint interests have been exhausted: "1. [s]ell the property and divide the proceeds[;] 2. [o]ne tenant in common to buy out the other[;] 3. [a]llow a foreclosure"; or 4. partition. Id. at 552. Thus, the Supreme Court does not equate partitioning with foreclosure or judicial sale.

2. The defendant enumerates as error that the superior court erred in failing to find that levy and execution by plaintiffs was in violation of OCGA § 9-13-60, relating to the sale of encumbered property. We do not agree.

The evidence before the trial court showed that the deed to secure debt encumbered not the entire 6.211 acres, but only the house and one acre. The defendant, in testimony, did not deny this. Therefore, the 5.211 acres levied upon by the sheriff were not encumbered, and the defendant had legal title to the land; the plaintiffs did not have to satisfy a security deed that did not encumber defendant's interest in land levied upon by the sheriff. See OCGA § 9-13-60; *Perry v. Heflin*, 202 Ga. 143 (42 SE2d 378) (1947); *Moncrief Furnace Co. v. Northwest Atlanta Bank*, 193 Ga. 440 (3) (19 SE2d 155) (1942); pre-UCC *Manchester Motors v. F & M Bank*, 91 Ga. App. 811, 812-813 (1) (87 SE2d 342) (1955).

OCGA § 9-13-60 (a) reads in part: "[w]here any person other than the vendor or other than the holder or assignee of the purchase money or secured debt has a judgment against a defendant in execution *who does not hold legal title to property* but has an interest or equity therein, such plaintiff in execution may take up the debt necessary to be paid by the defendant *in order to give the defendant legal title to the property* by paying the debt with interest to date if due and interest to maturity if not due." (Emphasis supplied.) By its plain language, this Code section has no application to the facts of this case, because the defendant has unencumbered legal title to the property, i.e., a one-half undivided interest in a tenancy in common to the 5.211 acres sought to be levied upon by the sheriff. The act applies to defendants possessed of only equitable interest in the property. See *Gamble v. Pilcher*, 242 Ga. 556 (250 SE2d 416) (1978); *Dean v. Andrews*, 236 Ga. 643 (225 SE2d 38) (1976); *Cook v. Securities Inv. Co.*, 184 Ga. 544 (192 SE 179) (1937); pre-UCC *Manchester Motors v. F & M Bank*, supra. Therefore, a levy and sale of an undivided one-half interest as a tenancy in common that is not subject to a deed to

secure debt merely conveys the interest of the defendant-in-fi. fa. and has no effect on other encumbered property.

## Case No. A98A2267

3. Plaintiffs' enumeration of error is that the trial court erred in refusing to award damages under OCGA § 9-13-128 for a baseless, unsupported, and frivolous affidavit of illegality interposed for delay only. We agree.

OCGA § 9-13-128 reads: "[u]pon the trial of an issue formed on an affidavit of illegality, the jury trying the case shall have power to assess such damages as may seem reasonable and just, not exceeding 25 percent of the principal debt, where it is made to appear that the illegality was interposed for delay only."

The issues on appeal of Case No. A98A2266 were frivolous. The record is silent, because the affidavit of illegality is not before this Court in the record. However, the trial court found, as a matter of law, the following grounds for the affidavit of illegality to be merit-less and without legal authority: 1. lack of verification; 2. partition or subdivision of the land; 3. lack of actual notice; 4. faulty legal descrip-tion; 5. claims 22, 24, and 25 abandoned; and 6. other claims not addressed by the trial court. The affidavit of illegality was filed on May 28, 1997. The hearing was held on July 29, 1997. The defend-ant's arguments were to be made by brief within two weeks. The record contains no brief of the defendant. The trial court ruled on February 13, 1998. Thus, the trial court denied the defendant's relief.

Notwithstanding the trial court's conclusion of law, the trial court ruled that "[i]nasmuch as the court finds that Glover's [defend-ant] affidavit of illegality was not interposed solely for the purpose of delay, the court concludes that the imposition of damages under OCGA § 9-13-128 is not proper and the request of plaintiffs-in-execution for the same is hereby denied."

Where an affidavit of illegality is deficient as a matter of law or raises legal issues only for the trial court, then there is no factual determination for the trier of fact, and damages shall be imposed as a matter of law. See OCGA § 9-13-128; *Franklin v. Mobley*, 202 Ga. 212, 219-220 (3) (42 SE2d 755) (1947); *Hunt v. Lee*, 199 Ga. App. 130, 131-132 (404 SE2d 446) (1991); *Felker v. Still*, 35 Ga. App. 236 (133 SE 519) (1926); *Rawlings v. Brown*, 15 Ga. App. 162, 167 (4) (82 SE 803) (1914). "If the grounds set forth be not only not good in law, but not true in fact, and the defendant could have had good reasons, if he had made inquiry of the sheriff as to the papers in the case, then lodged with him, to believe that the grounds were not true, and still prose-cutes his affidavit to trial, and does not offer any evidence to sustain even the truth of his allegations, he is clearly liable to the penalties

prescribed for the filing of affidavits of illegality for delay only." *White v. Haslett*, 49 Ga. 280, 283 (2) (1873). "The case [of the affidavit of illegality] is utterly without merit, and, as appears from the record, could have been brought to this court only for delay, and we feel constrained, in accordance with the request of the plaintiff in execution, to award . . . damages for the delay she has suffered in consequence." *Baker v. Akerman*, 77 Ga. 89, 90 (1886).

While the standard of review of a non-jury trial of disputed material facts is the clearly erroneous test under OCGA § 9-11-52, here the trial court ruled on matters of law as to the claims in the affidavit of illegality and as a matter of law found that the claims lacked merit. Thus, the plain legal error standard of review applies, where the appellate court determines that the issue was of law, not fact, that there was no factual dispute, or that there was no discretion, so that the issue for review was whether the trial court made a plain legal error. See *American Bldgs. Co. v. Pascoe Bldg. Systems*, 260 Ga. 346, 348 (1) (392 SE2d 860) (1990); *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 640 (2) (261 SE2d 572) (1979); *Astin v. Carden*, 194 Ga. 758, 764 (2) (22 SE2d 481) (1942); *Hill v. Wadley Southern R. Co.*, 128 Ga. 705, 716 (7) (57 SE 795) (1907). Where an affidavit of illegality as a matter of law lacks merit, the trial court has no legal discretion to deny damages. Therefore, after finding the affidavit of illegality lacked merit as a matter of law, the trial court committed plain legal error in denying the requested damages and in exercising judicial discretion where the trial court had no such discretion. The case is reversed and remanded to the trial court with directions that damages under OCGA § 9-13-128 be awarded to the Wares and against Glover after evidentiary hearing, OCGA § 9-11-43 (b), to determine only the issue of the reasonable amount of such damages. See *Franklin v. Mobley*, supra at 220; *Baker v. Akerman*, supra at 90.

*Judgment affirmed in Case No. A98A2266. Judgment reversed and remanded with directions in Case No. A98A2267. Judge William H. Craig and Judge Mary E. Staley concur. Johnson, C. J., McMurray, P. J., Pope, P. J., Beasley, P. J., Andrews, Blackburn, Smith and Ruffin, JJ., disqualified.*

DECIDED JANUARY 15, 1999.

*Clarence H. Glover, Jr.*, pro se.
*Barry L. Katz*, for appellant.
*Kidd & Vaughan, David N. Schaeffer*, for appellees.