DOTTENHEIM *v.* UNION SAVINGS BANK AND TRUST COMPANY.

1. Whether, in order to avail itself of privileges conferred by statute, a particular banking institution has shown itself to be a savings institution which pays interest on its deposits, and whose deposits are not subject to check, is, in this case, a question of fact for determination by the jury under the evidence.

2. A charge that "subject to check" means subject to payment without limi-

tation or restriction, except that the check must be presented to the bank within banking hours, on banking days, is substantially correct.

3. A charge that "The bank, if it did pay interest to its depositors, could agree with its depositors at what time it would pay interest and in what amounts it would pay interest," was correct.

4. The act of 1889, which confers upon all savings institutions all the provisions of the act of 1888 (which conferred on building and loan associations enlarged and additional powers), when properly construed, had the effect of conferring on savings institutions of the class named therein the powers and privileges conferred by the act of 1888 on building and loan associations, without qualification as to when such savings institutions were incorporated.

5. When it appears that a plaintiff in ejectment had, prior to the commencement of the action, conveyed to the defendant, by absolute deed, title to a lot of land as security for a debt, in which it was stipulated that in the event of default of payment the grantee, after advertisement, should sell the property at public outcry, make the purchaser title to the same, and summarily put him in possession, a recovery by the grantor is not authorized when it is further shown that the debt has become due, and the grantor has defaulted in the payment, notwithstanding possession was obtained without the consent of the grantor, but in a peaceable manner.

(a) Being in possession after default, the grantee was entitled to remain for the purpose of subjecting the land to the payment of the debt in the manner pointed out in the deed.

(b) Under evidence of this character, a charge to the effect that whether the bank (the grantee) held possession by virtue of a settlement of the debt or not, if it was in possession, and had a deed to the land, it had a right to set up that deed as against the plaintiff, was not cause for reversal of a judgment for the defendant.

6. The grounds of the motion not specifically dealt with show no errors which require a reversal of the judgment.

*Judgment affirmed. All the Justices concurring, except*

Simmons, C. J., dissenting. 1. There being a general law in this State regulating the rate of interest, an act which allows savings banks, "which pay interest to depositors and whose deposits are not subject to check," to charge a greater rate of interest than that allowed by the general law is unconstitutional and void. Consequently, the deed relied on by the savings bank in this case, being infected with usury, it is void, and the bank should not recover.

2. Even if the act is valid, the evidence of the bank clearly shows that the money in the bank was generally paid to depositors on their checks, which took this bank from the operation of the law. Under the evidence it appears to have been a scheme or device for charging and receiving usury. Accordingly, I believe that the judgment should be reversed.

Argued June 14, 1901.—Decided February 6, 1902.

Ejectment.　Before Washington Dessau, judge pro hac vice. Bibb superior court.　December 1, 1900.

*J. W. Preston* and *Hardeman, Davis, Turner & Jones,* for plaintiff.　*Bacon, Miller & Brunson, Hall & Wimberly,* and *Steed & Ryals,* for defendant.