## TAYLOR *v.* MEEKS *et al.*

1. An allegation of the validity of a conveyance of land by deed is not admitted by an averment that the grantor made to the grantee an instrument wherein he attempted to convey the land, but that the instrument was void as a deed for want of sufficient description of the property therein attempted to be conveyed.

2. Where a petition for recovery of land alleges that the defendant is in possession, claiming title under a deed from the plaintiff and another person, and this allegation is admitted by the answer, such admission does not relieve the plaintiff from showing title to either the whole or a definite moiety or interest in the land. No presumption arises from the execution of a joint deed by several grantors, which contains no words indicating the respective interests of the several grantors intended to be conveyed, that the interests or estates of the several grantors are equal.

Submitted June 7,—Decided October 12, 1909.

Complaint for land. Before Judge Parker. Coffee superior court. October 6, 1908.

*Lankford & Dickerson, C. A. Ward,* and *C. T. Roan,* for plaintiff.

*Rogers & Heath,* for defendants.

EVANS, P. J. B. W. Taylor brought an action to recover a certain tract of land against D. H. Meeks and D. F. Hinson. Among other things he alleged that the defendants were in possession of the land, claiming title thereto under a deed from himself and J. W. Taylor, guardian of Burrel Taylor, which deed was void as to the plaintiff, because of his minority at the time of its execution. He also alleged that J. W. Taylor was seized and possessed of the land on August 31, 1905, on which day J. W. Taylor conveyed same by deed to the plaintiff. The defendants in their answer admitted that

J. W. Taylor was the owner of the land on August 31, 1905, and averred that the alleged deed from J. W. Taylor to the plaintiff of that date was void for want of consideration and for want of sufficient description of the property therein attempted to be conveyed. They also denied the minority of the plaintiff. They admitted that they claimed title to the land under the deed described in the petition from the plaintiff and J. W. Taylor, guardian of Burrel Taylor, to themselves, dated January 19, 1907. On the trial the plaintiff introduced evidence tending to show that he was a minor at the time of the execution of the deed, and that the consideration which he received had been spent, and that he was unable to make restitution, and that before reaching majority he repudiated the deed. He also introduced a notice from the defendants, directed to himself and the administrator of J. W. Taylor, vouching them in as warrantors of their title. Upon this evidence the court awarded a nonsuit, and the plaintiff excepts.

The rule is elementary that a plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of that of his adversary. Or, to state the proposition differently, the plaintiff must show a prima facie title with right to possession, before the burden is cast upon the defendant to exhibit his title. The plaintiff in this case showed no muniment of title, and seeks to excuse his omission to prove title in himself by an alleged admission in the defendants' plea that both he and the defendants claimed title under deeds from a common grantor, and that the legal effect of this admission was to relieve him of the necessity of producing a deed from the common propositus. We do not agree with the plaintiff on his construction of the defendants' plea. The 6th, 7th, and 8th paragraphs of the petition alleged, that J. W. Taylor was the owner of the land on August 31, 1905; that on that day J. W. Taylor conveyed by deed the land to him; that on January 19, 1907, the plaintiff and J. W. Taylor, guardian for Burrel Taylor, conveyed the land to defendants, under which deed they claimed title; that the latter deed conveyed no title from the plaintiff, for the reason that he was a minor at the time of its execution; that he received no consideration for it; that the defendants knew of his minority; and that he repudiated the deed on reaching his majority. In answer to these paragraphs, the defendants by plea admitted that J. W. Taylor was the owner of the land on August 31, 1907, and averred

that the alleged deed from him to the plaintiff of that date was void for want of consideration, and for want of sufficient description of the property therein attempted to be conveyed. They also denied the minority of the plaintiff at this time, but admitted that they claimed title under the deed described in the petition from plaintiff and J. W. Taylor, guardian of Burrel Taylor, to themselves, dated January 19, 1907. No copy of the deed from J. W. Taylor to the plaintiff was attached to the pleadings. Instead of an admission that J. W. Taylor executed a deed to the plaintiff, the intendment and meaning of the plea is a denial that any valid deed was made by J. W. Taylor to the plaintiff. The admission is that J. W. Taylor attempted to make a deed to the plaintiff by giving him a paper purporting to convey some land, which was void and did not have that effect, for want of sufficient description of the land attempted to be conveyed. An instrument which fails to describe the property, though executed with all the formalities of a deed, can not have the effect of conveying property which is not described.

Again, the plaintiff contends that the defendants' admission that they claim title to the land under the deed from plaintiff and J. W. Taylor, guardian of Burrel Taylor, estops them from denying the plaintiff's title. The estoppel of the defendants by this admission extends no further than to cut them off from proving another title. The admission is that they claim title under a deed from the plaintiff and another, and not that the plaintiff was vested with the whole title or a particular and distinct moiety thereof. No inference can be drawn of the respective interests of the two grantors; whether they are tenants in common with equal or unequal interests, or whether one has a life-estate and the other an estate in remainder. Where a grantor executes a deed to several grantees without defining their respective interests, the estate is conveyed to all as tenants in common with equal interests. But where two or more grantors convey land with no words indicating their respective interests in the land, from the nature of the case no presumption can be indulged that each had an equal interest in the land conveyed. Where several grantors execute a deed conveying to the grantee the land in fee simple with no limitation on the interest or estate conveyed, each grantee will be held to have conveyed his entire estate in the land, whether the interest in the land of the different grantors be equal or unequal. The estoppel of the de-

fendants precludes them from denying that the plaintiff had an interest in the land, but does not relieve the plaintiff from proving the extent of his interest. In order to recover, the plaintiff was bound to show either that the title to the whole tract or a definite moiety·was vested in him, and this he failed to do.

*Judgment affirmed. All the Justices concur.*