**3359. SMITH *v.* WORLEY, executor.**

1. Where a creditor of a non-resident of this State sued out an attachment, and caused an ordinary garnishment to be served upon a resident of this State, and, on the trial of an issue formed upon the garnishee's answer, it appeared that, before the summons of garnishment had been served, the defendant had transferred his claim against the garnishee to another non-resident creditor, as security for a claim of

less amount (the transfer, however, being a total, and not a partial, transfer of the debt), *held*, that such garnishment, unaided by any equitable pleading, was ineffectual to reach the surplus coming to the defendant in attachment after satisfying the creditor holding the transfer as to the debt due him.

2. A deed of bargain and sale does not, by failure to record it, lose its priority as to a creditor of the vendor, subsequently obtaining a lien by attachment or common-law judgment.

3. Lawful registration entitles a deed to admission in evidence without proof of its execution, in the absence of an affidavit of forgery, though the registration be not made until after suit is pending.

DECIDED JANUARY 15, 1912.

Garnishment—appeal; ` from   Elbert   superior   court—Judge Walker.  March 15, 1911.

By the will of A. G. Worley, which was probated in 1907, his widow took an estate for life, and after her death the property was to be equally divided between his seven children, except that his son G. A. Worley was to account for a difference of $150.91.  The part of the estate which would have come to this son amounted to $3,150.91.  On December 1, 1910, after the widow's death, G. A. Worley executed and delivered to S. G. Worley, his brother, a deed in ordinary form, in which was conveyed the grantor's "whole interest, as an heir, in and to the estate of A. G. Worley, of Elbert county, Georgia, for and in consideration of the sum of $2,500." This conveyance was executed before two witnesses, and acknowledged by G. A. Worley before a justice of the peace at Miami, Florida, and on February 27, 1911, was recorded in the office of the clerk of the superior court of Elbert county, Georgia.  On the back of the conveyance was written: "Accepted the within deed, December ·7, 1910.  J. N. Worley, executor estate of A. G. Worley." The deed was reacknowledged in due form of law before the clerk of the circuit court of Dade county, Florida, a court of record, on March ·2, 1911, and was rerecorded in the clerk's office of the superior court of Elbert county, Georgia, on March 10, 1911.  On January 31, 1911, Smith (the plaintiff in error) sued out an attachment before a justice of the peace in Elbert county against G. A. Worley, on the ground that he was a non-resident of the State, and caused it to be executed by service of summons of garnishment upon J. N. Worley, the executor of the estate of A. G. Worley.  The executor answered that he had no assets in his hands belonging to G. A. Worley.  The answer was traversed, and on the trial S. G. Worley testified that the consideration of G. A.

Worley's deed to him was that G. A. Worley owed notes aggregating $2,500, on which he, the witness, was indorser, and which he, at the time of the execution of the deed, agreed to pay and did pay. He admitted that there was a tacit understanding between him and G. A. Worley that if he received from the executor more than enough to reimburse him, he would give the overplus to G. A. Worley. It further appeared that at the time this conveyance was made, the estate of A. G. Worley consisted of lands, but after its execution and before the levy of the attachment it had been converted into money, as the result of an executor's sale. These facts being undisputed, the court directed a verdict in favor of the garnishee.

*Z. B. Rogers,* for plaintiff.

*Worley & Nall,* contra.

POWELL, J. (After stating the facts.)

1. Unless the deed by which G. A. Worley conveyed his interest in his father's estate to his brother was void, or for some reason ineffectual, as against the rights of the attaching creditor, the judgment of the trial court is correct, irrespective of any equitable rights that may have existed owing to the fact that the interest of the defendant in attachment may have been greater than the amount represented in the consideration of the deed by which he conveyed his interest to his brother. This is settled in principle by the case of *Howard* v. *Porter,* 99 *Ga.* 649 (27 S. E. 725), where it is held that, in this class of cases, garnishment unaided by any equitable pleadings is ineffectual to reach the surplus coming to the defendant in attachment after his transferee, though holding for security only, has been satisfied.

2. The deed as first executed was not properly attested or acknowledged; its first record was ineffectual. The plaintiff contends, therefore, that it was void, and that it took no precedence over his rights as an attaching creditor. Our registry law as contained in the Civil Code (1910), § 3320, does not apply to contests between deeds and liens, other than liens obtained by contract. A valid deed, though unrecorded, is superior to a subsequent judgment or attachment against the same property. *Donovan* v. *Simmons,* 96 *Ga.* 340 (22 S. E. 966). The proposition is too well settled in this State to require an enlargement of discussion, or a citation of authorities to the effect that a deed is not invalid for lack of registry or recordation.

3. The filing and recording of a deed upon proper attestation or acknowledgment gives it two advantages over an unrecorded deed. The one is to prevent its postponement to the rights of third persons acquiring subsequent conveyances or contract liens binding against the same property; and the other is to authorize its introduction in evidence without further proof of its execution. We have just shown that there was no need for record, so far as this plaintiff was concerned, as affecting the question of priority; but the further point is made here that the court erred in admitting this deed in evidence, since it was not properly recorded until after the suit was pending. It will be recalled, from the statement of facts prefacing this opinion, that it having been discovered that the prior attestation and record were ineffectual, the grantee caused the deed to be properly acknowledged, and to be rerecorded shortly prior to the time of the trial. It was upon this reacknowledgment and rerecordation that the judge admitted it in evidence without further proof of its execution. The point is made that a case is to be tried according to the rights of the parties at the commencement of the suit. This is generally true, so far as relates to substantive rights of the parties, but has no reference to mere matters of evidence. The competency of evidence and the methods of making proof are determinable as of the time of the trial, and not as of the time of filing the suit. For instance, a deed less than thirty years old at the date of the filing of the suit, which becomes as much as thirty years old during the pendency of the suit and prior to the trial, may be introduced in evidence at the trial as an ancient deed, and without proof of its execution. We find no error.  *Judgment affirmed.*