BARNES *et al. v.* DOWNING COMPANY.

1. Where exceptions to the findings of an auditor are filed, which sufficiently set forth the rulings excepted to, and with sufficient clearness and definiteness assign error on those rulings, a writ of error to the ruling of the trial court on such exceptions will not be dismissed on the ground that the bill of exceptions to this court does not specify " plainly the decision complained of and the error alleged," and because the assignment of error in the bill of exceptions is too general and indefinite: it being alleged in the bill of exceptions that the trial judge passed an order overruling and dismissing said exceptions, to which ruling the plaintiff in error then and there excepted and now excepts and assigns the same as error.

2. The court properly admitted in evidence a security deed signed by the defendants, covering certain described property, real and personal, which

was given to secure the four promissory notes purporting to be executed by the same parties. The fact that the instrument was executed to secure payment for certain goods and supplies to be furnished by the plaintiff to the defendants in the future did not render the security deed invalid; and if the goods and supplies which were to be furnished in consideration of the notes and the security deed were not actually furnished, that was a proper matter of defense, which, upon the issue made in the pleadings, could be determined upon evidence.

3. The court properly admitted a deed from Downing Company to Mrs. S. J. Barnes. That deed had been properly executed and recorded. Though the document came from the possession of the plaintiff, the question of its actual delivery to the grantee or her agent was one of fact to be determined under the evidence submitted.

4. The exception to the admission in evidence of certain documentary evidence, which is not set forth in the ground of exception nor referred to as an exhibit, nor pointed out in the brief of evidence with proper references thereto, raises no question which this court will undertake to determine.

5. An exception to the exclusion of evidence to the effect that a third person "claimed" one of the lots of land referred to in the above-mentioned deed from the Downing Company to Mrs. Barnes will not be considered; it not being shown, in the exception to the ruling of the auditor excluding this evidence, what the nature of the claim was, on what it was based, nor that there was any evidence at all to support the claim, nor in what part of the record, if it existed, it was to be found.

6. The exception on the ground that the judge erred in not sustaining an exception of law made by the defendants to the finding of the auditor, which exception is based upon the ground that the auditor, during the examination of a named witness, refused to admit evidence that the defendant "had to borrow money many times, and went to certain expenses, and had sustained losses because of the failure of [the plaintiff] to make advances," etc., furnishes no ground for reversal of the judgment. It is alleged that the auditor excluded the evidence because it was irrelevant and immaterial, and "because from the evidence of the defendant himself and other evidence it appears that before these matters and things occurred the Downing Company [the plaintiff] had already exceeded the advances they agreed to make, of $4,000.00;" but the evidence which the defendants proposed to introduce was not set forth literally or in substance in the exceptions, nor was reference made to the portion of the record in which the testimony of the named witness appeared. Besides this, the auditor found that the evidence showed that there was no failure on the part of the plaintiff to make all advances required under the contract, and it is not contended in defendant's exception that this finding of the auditor is not true.

7. Exception to the admission in evidence of leaves from a "ledger," which in no way indicates the contents of the pages of the ledger admitted in evidence, is also without merit.

8. While contracts in general restraint of trade are against the policy of the law and can not be enforced, the contract in controversy here is not in general restraint of trade, being óne for the shipment of goods of a certain character to named factors solely during a specified time, and

providing a penalty for failure to comply with the terms of the contract.

9. The auditor was authorized to find that Mrs. S. J. Barnes was liable upon the notes and mortgage, and on the debt for recovery of which the mortgage was foreclosed and the suit brought. The evidence in its entirety and all the facts and circumstances proved being considered, the auditor was authorized to find that Mrs. Barnes was either a member of the firm or allowed herself to be held out as such to the creditor, the plaintiff in this case. *Judgment affirmed. All the Justices concur.*

No. 2966. SEPTEMBER 30, 1922.

Foreclosure of loan deed. Before Judge Thomas. Echols superior court. September 14, 1921.

The Downing Company foreclosed a security deed against D. W. Barnes, his wife, Mrs. S. J. Barnes, and A. C. Laslie. The latter, however, is not a party in this case, not having been served. The plaintiff prayed for a judgment against the defendants, for the amount of notes secured by the deed, as well as for an amount due on open account for advances and supplies declared on in the petition. The notes so secured were for the aggregate principal sum of $4,000, $3,200 of which it was alleged represented the purchase-price of certain turpentine lands alleged to have been purchased by the defendants from the plaintiff; the balance was to secure advances claimed to have been made by the plaintiff. D. W. Barnes and Mrs. S. J. Barnes filed an answer denying plaintiff's right to recover. In the answer it was alleged that Mrs. Barnes was not a member of the firm of Barnes & Laslie, and that she was not bound, for the reason that the notes declared on were promissory obligations of D. W. Barnes and A. C. Laslie, her relation to them being that of surety only; and that she, being a married woman, was not liable thereon. D. W. Barnes alleged that the consideration of the notes had failed in part, by reason of the failure of the title to certain tracts of land that were conveyed to Barnes & Laslie as a part of the turpentine farm; and he sought to recoup certain items of damage he claimed to have sustained by reason of the breach of an alleged contract whereby, as he contended, the plaintiff bound itself to furnish to Barnes & Laslie additional advances and supplies with which to carry on their turpentine business. The case was referred to J. G. Cranford as auditor, who filed his report finding in favor of the plaintiff and against Mrs. Barnes for the amount of the notes declared on, with interest, and against

D. W. Barnes for not only the amount of the notes but for the amount due on the open account as well. To this report, D. W. Barnes and S. J. Barnes filed exceptions of law and exceptions of fact. The case .came on for hearing on the exceptions to the auditor's report; and upon motion of counsel for the plaintiff the court dismissed the exceptions of law for insufficiency, and declined to approve the exceptions of fact, and they were disallowed. The defendants excepted, assigning error upon the judgment overruling and dismissing the exceptions of law and fact, and upon the final decree entered upon the auditor's report.

*J. B. Hicks,* for plaintiffs in eror.

*W. C. Little* and *E. K. Wilcox,* contra.