## 14500.　DYKES v. PORTER.

A deed or bill of sale, absolute on its face and accompanied with posses-
sion of the property, cannot be proved (at the instance of the parties)
by parol evidence to be a mortgage only, unless fraud in its procurement
is the issue to be tried.　Civil Code (1910), § 3258.　But a deed abso-
lute in form may be shown to have been made to secure a debt where
the maker remains in possession of the land conveyed.　*Mercer* v. *Mor-
gan*, 136 *Ga.* 632 (1) (71 S. E. 1075) ; *Hand* v. *Matthews*, 153 *Ga.* 75 (1)
(111 S. E. 408).　There was ample evidence to authorize the inferences
implied in the verdict found for the plaintiff: (a) that the defendant
was indebted to the plaintiff on an account as alleged in the petition;
(b) that a certain deed made and delivered by the defendant to the
plaintiff was never "accompanied with possession of the property" in
the plaintiff, but that the maker remained in possession of the land so
conveyed; and (c) that the deed, though "absolute on its face," was
made merely as security for the debt mentioned above.　While the evi-
dence was in conflict as to each of these issues, the jury saw fit to
resolve the dispute in favor of the plaintiff.　No error of law is com-
plained of, and, the judge who tried the case having approved the verdict,
this court, as has often been ruled, is without authority to interfere.

DECIDED OCTOBER 11, 1923.

Complaint; from Bleckley superior court—Judge Graham.
March 3, 1923.

*J. M. Bleckley, H. E. Coates,* for plaintiff in error.

*L. A. Whipple, C. A. Weddington, W. A. Wooten,* contra.

BELL, J.　This was an action on account by C. C. Porter against
John W. Dykes for the recovery of $4,000, alleged to have been
secured by a deed to lands.　A verdict was found for the plaintiff.
The defendant excepted to the denial of his motion for a new
trial.

It is undisputed that the plaintiff, on November 30, 1920, made
a conveyance to Dykes, the defendant, of certain lands which were
bargained at the agreed consideration of $15,000; that the lands
were paid for in part by other real estate, conveyed to the plaintiff
at a valuation of $7,000, and by a promissory note for the sum of
$4,000.　This left a balance of $4,000 due to the plaintiff on the
purchase-price of the lands first referred to.　Thus far the parties
are agreed.　It was alleged in the suit that the item of $4,000 last
mentioned above was due by the defendant and unpaid, represent-
ing the balance of the purchase-price of the lands first referred to;
that to secure the payment of this item the defendant conveyed to
the plaintiff a third tract of land, of which the defendant remained

in possession, and that although the deed was absolute on its face, it was in fact merely a deed to secure debt. The plaintiff prayed to recover the $4,000, with interest, and for a special lien upon the land herein designated as the third tract.

The defendant contended that the conveyance of the third tract was in pursuance of an absolute bargain, at a valuation of $4,000, and in full payment of the balance due upon the lands procured by the defendant from the plaintiff. The defendant further claimed that such conveyance was accompanied by a surrender of the possession to the plaintiff of the lands in question, with the exception of the right of the defendant to remove certain timber. These contentions the plaintiff denied.

The disputed issues between the parties were therefore as stated in the headnote, upon each of which the evidence was in conflict. A verdict would have been authorized for either party, but the jury resolved the issues in favor of the plaintiff. No error of law is complained of. The judge who tried the case has approved the verdict by overruling the defendant's motion for a new trial. In such a case, as has often been ruled, this court is without authority to interfere.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*