HOUSE v. TENNESSEE CHEMICAL COMPANY *et al.*

BECK, P. J. 1. The court was authorized to find adversely to the contentions of petitioner, that the decree and judgment, against the enforcement of which injunction is sought, is void, on the alleged ground that the attorney for the plaintiffs drew and placed in the hands of the clerk of the court a check to pay the jury which rendered the verdict upon which the judgment and decree is based. The affidavits submitted authorized the court to find that the judge, before rendering the decree, required the clerk to pay the jurors out of the proper funds, and that the check of the attorney for the plaintiffs was not used.

2. The court was also authorized to. find that the petitioner in the present case did not fail to file an answer setting up a defense to the suit on account of any fraud or fraudulent practices or representations made by. the attorney for the plaintiff, Tennessee Chemical Company. Moreover, it does not appear from the present petition that the defendant had any valid defense.

3. The mistake in the official designation of the judge rendering the decree was an irregularity at most, a mere clerical mistake, and did not affect the validity of the decree.

4. It was competent for the court to render the decree appointing a commissioner to conduct the sale. This was strictly a judicial sale. It did not purport to decree a sale of the land itself.

5. Nor was it necessary, where the plaintiff was seeking merely to sell the equity of redemption, to pay off the prior lien so as to vest the title in the petitioner. The petitioner himself, the former owner of the land, had conveyed it by a security deed to H. C. Humphries, and Humphries had transferred the evidence of the debt to Tennessee Chemical Company, and this carried with it the security.

6. As for the contention that there was a false description of the equity of redemption, because of the incorrect name of the holder of the prior lien, that can not avail the petitioner here. The misdescription occurred in the petition for a judgment and order to sell, and the petitioner in the suit that resulted in the decree could, if he thought it material, have had this corrected by filing an answer pointing out the misdescription. But from a reading of the entire petition, the decree, and the advertisement of the sale, it is clear that any one desiring to become a purchaser at that sale would know exactly what was being offered at the sale and what he was purchasing.

7. From what is said above it follows that the judge did not err in refusing an injunction. *Judgment affirmed. All the Justices concur.*

No. 4397. NOVEMBER 22, 1924.

Petition for injunction. Before Judge Tarver. Gordon superior court. May 3, 1924.

T. H. House brought his petition against Tennessee Chemical Company and E. L. Medders, seeking an injunction to restrain the sale, under a decree of court, of petitioner's equity of redemption in certain lands, Medders being the commissioner appointed by decree of the court to conduct such sale. This decree was granted

on November 26, 1923, by the superior court of Gordon County, it being adjudged and decreed that Tennessee Chemical Company recover of petitioner the sum of $1696.15, together with interest, cost, and attorney's fees. In the petition it is alleged, that in the advertisement of the property for sale the land in which the equity is claimed is not properly described; that a decree ordering the property sold is void; that it was rendered at the November term of the court; that the judge of the court, prior to the holding of that term, after looking through the docket and examining the state of business pending in the court, had stated that in his opinion no sufficient business was pending to authorize the holding of the November term of court; and that the attorney for the plaintiff in the proceedings that resulted in the decree, the Tennessee Chemical Company, stated that he had one or more liens which he desired a verdict on, and that he would pay the expenses of having a jury drawn, so that he might take a verdict in said case, and finally the judge of the court agreed that he would draw a jury and have them summoned, provided the attorney would pay the per diem of the jurors; that the court waited until Henson, the attorney for the plaintiff, went to the bank and had certified a check for the amount due the twelve jurors for one day's service, and, after this check was placed in the hands of the clerk of the court to pay the jurors, the judge drew the jury, the only jury which was drawn for that term. Petitioner insists that the jurors so drawn and paid for the special verdict in this case were not legally qualified to render a verdict, and that their verdict as rendered is void. He alleges that the attorney for the Tennessee Chemical Company, prior to the November term, informed petitioner that the case would not come up for trial until the February term of the court, and petitioner at that time contracted with Henson, who represented various loan companies, to secure a loan for him on the property sufficient to cover the lien already against the place, together with the amount owing to Tennessee Chemical Company, and Henson agreed with the plaintiff that he would secure for him a loan on the real estate sufficient to take care of the indebtedness and would secure it before judgment was taken against him, and, reposing trust and confidence in the attorney that his promises would be kept, petitioner took no action to defend the case, and did not know that a judgment had been rendered

against him until he saw the advertisement of the sale in the newspaper. It is further alleged that the prayer in the petition upon which the decree is based was that the plaintiff therein recover judgment setting up its lien on the lands, "subject only to the prior deed to secure a debt held and owned by the Federal Land Bank of Columbia," whereas the decree purports to sell the property "subject only to the lien of Harry L. Winter Inc., as evidenced in a deed executed by the defendant to Harry L. Winter." The verdict was, "We further find for the plaintiff a lien on the premises described, as prayed for in the petition." And petitioner charges that the decree does not follow the petition and verdict. It is also insisted, that a commissioner could not be appointed to sell the land; that any lien which the plaintiff might have should be enforced by levy and sale by the sheriff; that the instrument executed by him, upon which the defendants are now proceeding, is a deed, and conveyed title to H. C. Humphries, trustee, and the legal effect of this is to put title in H. C. Humphries; that Humphries still has title; that the entry, "Pay to the order of Tennessee Chemical Company," signed by H. C. Humphries, does not transfer or convey title out of him to the Chemical Company; that the real title to the lands in question is in Harry L. Winter Inc., and the defendant should first pay off the lien held by Winter and have the same canceled and have the title placed in petitioner before sale; that the decree was signed by Hon. Moses Wright, Judge of the Rome Circuit, but the name of the judge signing the decree is followed by the official designation, "J. S. C., C. C., presiding;" that this designation means Judge of the Superior Courts of the Cherokee Circuit, and that Judge Tarver and not Judge Wright is the judge of that circuit.

The judge hearing the case, after evidence submitted, refused an injunction, and the plaintiff excepted.

*Y. A. Henderson* and *Joseph M. Lang,* for plaintiff.

*A. L. Henson,* for defendants.