## CAPPS *v.* SMITH *et al.*

BELL, J. 1. In an action of ejectment the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title. Civil Code (1910), § 5582.

2. Where the plaintiff's title to the land is controverted, he must show not only that he had the legal title to the property in dispute at the commencement of the action, but that such legal title was accompanied by the right of possession. *Scisson* v. *McLaws*, 12 *Ga.* 166; *Graham* v. *Peacock*, 131 *Ga.* 785 (2) (63 S. E. 348); *Taylor* v. *Meeks*, 133 *Ga.* 385, 386 (65 S. E. 850).

3. A deed absolute in form may be shown to have been made to secure a debt where the maker remains in possession of the land conveyed. *Mercer* v. *Morgan*, 136 *Ga.* 632 (71 S. E. 1075); *Hand* v. *Matthews;* 153 *Ga.* 75 (111 S. E. 408); *Dykes* v. *Porter*, 31 *Ga. App.* 86 (119 S. E. 455).

4. While the holder of a security deed to land may sue in ejectment to recover possession of the property, where the debt is not paid at maturity (*Ray* v. *Pitman*, 119 *Ga.* 678, 681, 46 S. E. 849; *Hill* v. *Winn*, 60 *Ga.* 337), he can not recover solely upon such a deed where the debt has been paid in full. *Gunter* v. *Smith*, 113 *Ga.* 18 (3) (38 S. E. 374); *Spencer* v. *Schuman*, 132 *Ga.* 515 (2) (64 S. E. 466); *Marshall* v. *Pierce*, 136 *Ga.* 543 (71 S. E. 893).

5. The proposition stated in the preceding paragraph will hold true regardless of whether payment of the debt without the cancellation of the security deed or a reconveyance of the property will operate to divest the

796

legal title and cause it to revert to the debtor. Even if the legal title may in such a case be considered as remaining in the holder of the security deed, it is not a title accompanied by the right of possession, and for this reason will not authorize a recovery in ejectment. Cf. *Groves* v. *Williams* 69 *Ga.* 614; *Gilliard* v. *Johnston*, 161 *Ga.* 17 (2) (129 S. E. 434); *Shumate* v. *McLendon*, 120 *Ga.* 396 (6), 400 (48 S. E. 10); *Grady* v. *Harris*, 41 *Ga. App.* 111 (151 S. E. 829).

6. The evidence authorized the inference that the deed under which the plaintiff claimed was a mere deed to secure debt, and that the debt had been fully paid before the action was brought. The evidence also warranted a finding against the plaintiff's contention that the defendant had occupied the premises under the plaintiff as landlord and thus could not dispute the plaintiff's title without surrendering possession. The evidence was in conflict as to whether any sort of rental agreement had ever existed between the parties, thus presenting an issue of fact as to this question.

7. Under the rulings made above, the verdict in favor of the defendant was fully authorized under certain phases of the evidence, regardless of all other contentions made. It follows that the trial judge did not err in overruling the plaintiff's motion for a new trial based upon the general grounds only.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

No. 8893. OCTOBER 13, 1932.

*John H. Davis & Son, Wheeler & Kenyon,* and *Bond & McClure,* for plaintiff.