**HIGGINBOTHAM–BAILEY–LOGAN CO. v. BELLAH et al.**

**No. 13086.**

Court of Civil Appeals of Texas. Fort Worth.

Jan. 4, 1935.

Rehearing Denied Feb. 8, 1935.

Fred J. Dudley, of Dallas, for appellant.

C. T. Gettys and J. V. Patterson, both of Decatur, for appellees.

LATTIMORE, Justice.

This is an appeal from a judgment for damages for conversion by attachment and sale thereunder.

Appellee Bellah was landlord to appellee Ross who conducted in the landlord's building a retail clothing store. Appellee Morris was a clerk in that store and appellant conducts a wholesale clothing business. In April, 1931, Ross was indebted to the landlord for rent, to Morris for wages, and to appellant for merchandise. Appellant attached the stock of goods of Ross on August 7, 1931, and thereafter same were sold under judgment in attachment and purchased by appellant at the sale.

This suit was filed by Bellah in October, 1931, for foreclosure of landlord's lien. She amended in September, 1932, and sued appellant for conversion and made Morris a party, alleging that he was asserting some character of lien on the merchandise attached by appellant.

■ Ross was forced into bankruptcy, but the trustee declined to administer the attached merchandise, leaving it in the hands of the attaching sheriff. We think there is no merit in the contention of appellant that the appellees are compelled to assert their claims in the bankruptcy court only. When that court waived its right to administer upon the security for appellees' liens, they had the right to follow that property, and the conversion of it, into the court.

Morris filed his answer to Mrs. Bellah's petition, asserting a laborer's lien and conversion of the security therefor by appellant, and prayed for $900 damages, but did not have citation thereon issued to or served upon appellant. Appellant answered Mrs. Bellah's petition and in open court objected orally to be forced to trial upon Morris' suit. Being overruled, appellant filed its answer to Morris' suit and here complains of the ruling of the court. The judgment of the trial court refers to a motion for continuance, but we find none in the record and have no means of measuring its merits. It cannot be said that the court was, as a matter of law, in error. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136.

■■ We sustain appellant's assignment of error No. 4. Morris' claims are founded on a laborer's lien filed April 28, 1931. This lien gave him no right of possession of the merchandise, or that it remain in any particular place in Wise county. The attachment of that merchandise by the sheriff of Wise county was no invasion of any right of Morris and he had no cause of action thereby for conversion. Bryan v. Smith, 22 Ala. 534; Fletcher v. Dees, 101 Fla. 402, 134 So. 234; Silliman v. Gammage, 55 Tex. 365; article 3797, R. S. The sheriff held those goods subject to whatever rights Morris had. Morris' right was to sue to foreclose his lien not later than October 28, 1931. This he did not do. Morris contends that upon conversion by appellant his six months' limitation to foreclose, as provided by article 5486, R. S., turned to a two years' limitation under article 5526, R. S. The acts of appellant which were an invasion of the rights of a lienholder, such as Morris was on April 28, 1931, did not take place (if at all) until more than six months after Morris filed his lien. Such lien was therefore lost. Security Trust Co. v. Roberts (Tex. Com. App.) 208 S. W. 892, 894. No lien, no conversion.

■ The landlord's lien was invaded when the goods were removed from her building by the sheriff on August 7, 1934. Meyer v. Oliver, 61 Tex. 584.

The judgment of the trial court in favor of Mrs. Bellah is affirmed; the judgment of the trial court in favor of Archie Morris is reversed and here rendered that he take nothing.