MITCHELL, trustee, v. MILLER et al.

ATKINSON, Justice. 1. Where a proprietor conveys his realty by security deed to a trustee to secure debt evidenced by negotiable bonds issued by the grantor, legal title to the realty in virtue of such conveyance will devolve upon the trustee.

2. Where in these circumstances the trustee, after default in payment of taxes, causing maturity of the bonds under a clause in the security deed, reconveys to the grantor a part of the realty by quitclaim deed, such reconveyance will cause legal title to such part to revest in the first grantor.

3. Where the original grantor on the day he receives the quitclaim deed, executes to a purchaser a warranty deed conveying the part of the realty described in the quitclaim deed and causes all the purchase-money to be paid to the trustee, the legal title to such part will vest in such purchaser.

4. In these circumstances, a successor trustee under the original security deed may not maintain common-law ejectment against the purchaser for recovery of the part of the realty conveyed to him.

5. The foregoing rulings comport with principles stated in *Capps* v. *Smith*, 175 *Ga.* 795 (2); (166 S. E. 234); *Kerr* v. *White*, 52 *Ga.* 362, 368; Robinson v. Pierce, 118 Ala. 273 (24 So. 984, 72 Am. St. R. 160, 180); Gale v. Mensing, 20 Mo. 461 (64 Am. D. 197, 199); Huckabee v. Billingsly, 16 Ala. 414 (50 Am. D. 183).

6. In this action of ejectment by such a substituted trustee against a purchaser claiming possession under title acquired as indicated in the preceding divisions, the quitclaim deed by the original trustee to the grantor named in the security deed, and the warranty deed by the latter to the purchaser, were admissible in evidence in behalf of the defendant, over the plaintiff's objection (a) that it had not been shown that the trustee was authorized to convey the property, and (b) that it had not been shown that the grantor in the deed to the purchaser had fee-simple title to the property.

7. It was not harmful to the plaintiff to reject evidence of admissions by the grantor in the security deed which tended to corroborate testimony of the trustee to the effect that the indebtedness to the trustee was past due and unpaid.

8. There was no conflict of material evidence, and the judge was authorized to direct the verdict for the defendant.

9. There was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

No. 11596.   JANUARY 13, 1937.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff.
*Tye, Thomson & Tye* and *Edwin L. Sterne,* for defendants.