28523.   CAIRO BANKING COMPANY *v.* CITIZENS BANK.

DECIDED NOVEMBER 22, 1940.

*Clayton R. Baker, Jeff A. Pope,* for plaintiff in execution.

*R. A. Bell,* for claimant.

MACINTYRE, J.   On April 10, 1939, D. A. Brinson, defendant in fi. fa., made a bill of sale to secure a debt to the Citizens Bank, the claimant.   On April 12, 1939, the Cairo Banking Company, the plaintiff in fi. fa., obtained a judgment against Mr. D. A. Brinson.   Execution issued on said judgment, and the plaintiff in fi. fa. levied on certain peanuts (alleged to have been described in said bill of sale) of the property of Brinson, and the Citizens Bank filed its claim to said peanuts under the bill of sale.   The sole question is whether the unrecorded bill of sale to secure a debt has priority over a subsequently acquired judgment which was entered on the general execution docket.   The trial judge (without a jury) decided the issue in favor of the claimant.   In other words, he decided that an unrecorded bill of sale to secure a debt has priority over a subsequently obtained judgment which has been entered on the general execution docket.

■   We think the judge was correct in so ruling.   The executive

vice-president of the Citizens Bank testified that the loan was made in the Citizens Bank Building in Cairo, Georgia, where the bank did business; that the bill of sale to secure this loan, which was captioned Grady County, Georgia, was executed in said bank at Cairo, in Grady County, Georgia; that Brinson told him that he was renting some land; that the vice-president took the description of the crops transferred in the bill of sale as Brinson gave it to him, and so described them in the instrument as follows: "[All the crops grown on John Chason place owned by Paul Williamson said crops grown by me in 1939.]   (Also, all crops of every kind grown by me on my home place belonging to the Union Central Life Insurance Co.)" (Brackets and parenthesis ours.)   The vice-president knew the place described above in parenthesis was the place on which Brinson and his family lived, and that it was in Grady County, Georgia; and he assumed that the other place, or the land above described in brackets, was in Grady County, Georgia. He did not ask Brinson where this land was, and Brinson did not tell him it was not in Grady County.   There was extrinsic parol evidence which, when applied to the description in the instrument, would be sufficient to identify the property thereby intended to be covered in the conveyance, so as to put a purchaser on notice. Assuming, for the present, that the description of the land could be supplemented and made sufficiently certain by parol evidence to be made valid, we will consider the question as to whether or not the Cairo Banking Company's fi. fa., dated April 19, 1939, issued on a judgment dated April 12, 1939, and levied on part of the crop which was raised in Decatur County, Georgia, was superior to the bill of sale to secure the debt to the Citizens Bank, dated April 10, 1939.   Thus the situation here is that the property in controversy was not located in the county where the bill of sale was recorded; hence there was no legal record of the bill of sale as it related to the property in question.

In discussing the registry act of 1889 (Ga. L. 1889, p. 106), the Supreme Court in *Donovan* v. *Simmons, 96 Ga.* 340, 346 (22 S. E. 966), decided June 10, 1895, said: "It is evident the word 'lien,' as here used, has reference exclusively to liens acquired by contract. 'Lien,' is a generic term, and includes both liens acquired by contract and by operation of law; but the context clearly indicates it is used here in its restricted sense as applicable only to contractual

'liens." In the same decision with reference to an unrecorded deed to land, it was said: "The sale of land, although the deed may not have been recorded, as between the parties to the contract, and indeed as to all the world, is a parting of the right of title and ownership from the grantor to the grantee; and to hold that an after-acquired judgment against the grantor shall become a lien upon the property conveyed would be to add to judgments a quality never possessed heretofore, and to take from a deed a condition heretofore always recognized." And it was finally held that "a judgment obtained against the grantor subsequently to the conveyance, but entered upon the general execution docket prior to the record of the deed, would not, merely by virtue of such entry, become a lien upon the property previously conveyed." This seems to have been the law at the time of the passage of the act of 1931 (Ga. L. 1931, p. 153), which in part provides "that the effect of failure to record a mortgage or deed to secure debt or bill of sale shall be the same as is the effect of failure to record a deed of bargain and sale." The Code of 1910, § 3307, as amended by the act of 1931 (Ga. L. 1931, p. 153; Code of 1933, § 67-1305), provides as follows: "Every deed to secure debt shall be recorded in the county where the land conveyed lies; every bill of sale to secure debt, in the county where the maker resided at the time of its execution, if a resident of this State; and if a non-resident, then in the county where the personalty conveyed is. Deeds or bills of sale not recorded remain valid against the persons executing them. The effect of failure to record such deeds and bills of sale shall be the same as is the effect of failure to record a deed of bargain and sale." Thus the unrecorded bill of sale to secure the debt was superior in rank to the subsequent lien created by law, to wit, the judgment. *Massachusetts Mutual Life Insurance Co.* v. *Hirsch,* 184 *Ga.* 636 (192 S. E. 435); *Evans Motors of Georgia Inc.* v. *Hearn,* 53 *Ga. App.* 703 (186 S. E. 751).

■ The plaintiff in execution, a judgment creditor, contends that such a degree of definiteness of description of the property is required as would be sufficient to impart record notice to third parties, and that the rule with reference to the sufficiency of a mortgage description which would obtain between the parties to the writing is not here applicable; and to sustain his position counsel cites *Stewart* v. *Jaques,* 77 *Ga.* 365 (3 S. E. 283, 4 Am. St. R. 86),

and *Reynolds* v. *Tifton Guano Co.,* 20 *Ga. App.* 49 (92 S. E. 389). We recognize the rule as laid down in *Stewart* v. *Jaques,* where it was said: "As between the mortgagor and mortgagee, parol evidence might be admitted to show the property to be the same as that mortgaged, but it is not admissible as against a bona fide purchaser; he stands upon the notice which the record of the mortgage charges him with; the parol evidence is no notice to him." And this court, citing the *Stewart* case in *Reynolds* v. *Tifton Guano Co.,* supra, said: "The sufficiency of the mortgage description is not governed by the rule which would obtain between the parties to the writing, but such a degree of definiteness is required as would be sufficient to impart record notice to third parties." However, in *Farkas* v. *Duncan,* 94 *Ga.* 27, 29 (20 S. E. 267), Justice Lumpkin discussed the *Stewart* case, supra, and said: "The words, 'one bay mare, two mare mules, one horse mule,' used in a mortgage, were held insufficient to put on notice, by its record, one who purchased from the mortgagor a black horse mule and a black mare mule of stated ages." In the *Farkas* case it was also stated: "In *Nichols* v. *Hampton,* 46 *Ga.* 253, it was held that a paper providing for a lien on a 'bay mare,' the showing that the mare was purchased by the mortgagor from the mortgagee, might be sufficient to put on notice anyone who would read the paper. Judge McCay said: 'The description will apply to any bay mare; but there is another description added, to wit: the bay mare sold by the plaintiff to Johnson.'" The Supreme Court, in *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879, 881 (48 S. E. 333), said that in *Nichols* v. *Hampton,* supra, a mortgage of a "bay mare sold by the plaintiff to Johnson" was held sufficient. In the *Farkas* case the court seems to have held that "one bay mare mule" sold and delivered by one named person to another named person would be a sufficient description to put a third person, a bona fide purchaser, on record notice.

Thus, in the instant case, it seems to us that the description in the bill of sale to secure a debt, which provides for a sale to secure a loan of all crops grown on a designated place known as the John Chason place, owned by Paul Williamson, where it appears there is a further description, to wit, all crops of every kind that were grown by a named grantor and sold to a named grantee to secure a debt, would be sufficient to put a third person, a bona fide pur-

694

chaser or a subsequent judgment creditor, on record notice. We think that the evidence authorized the judge to find that the bill of sale to secure a debt applied to all the crops grown on the John Chason place owned by Paul Williamson and grown by Brinson during the year 1939 in Decatur County, Georgia, and then to find that the description in the conveyance would be sufficient to identify the property thereby intended to be covered in the conveyance, so as to put a purchaser (or a subsequent judgment creditor) on notice according to the rules of law above stated.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*