## POTTS *v.* McELROY *et al.*

No. 17865. Argued May 12, 1952—Decided June 10, 1952—Rehearing denied July 15, 1952.

*A. J. Whitehurst* and *C. E. Hay*, for plaintiff.

*Hoyt H. Whelchel, Robert H. Cranford* and *Robert E. Cheshire*, for defendants.

ALMAND, Justice. A. M. Potts filed a complaint for land against David R. and Louise Roberts McElroy. The general demurrers of the defendants were sustained and the petition was dismissed. The exceptions to this order bring the case here for review.

The petition in substance made the following case: In August, 1946, the plaintiff held title to a tract of land described in the petition, and the defendants' claim of title arises from the following facts: On August 17, 1946, the plaintiff completed negotiations with the Reconstruction Finance Corporation, hereinafter referred to as RFC, for a loan of $42,500, and executed one promissory note for such sum, and in connection therewith the plaintiff also executed a combination bill of sale and security deed conveying certain items of personal property and the land in question; the same constituted a contract entire and indivisible. After said instrument had been duly recorded, the RFC advanced $31,802.83, and refused to advance the additional sum. Petitioner paid the first two instalments on said note before the RFC refused to advance the additional sum, but thereafter he made no further payment on the note. In repudiating this loan contract, the RFC forfeited any right to proceed on the contract in any action at law to recover the amount of money advanced, and if any right existed, it was upon a quantum meruit. However, on February 17, 1947, the RFC foreclosed its bill of sale as a chattel mortgage in the superior court, and caused execution to be issued upon the foreclosure and levied upon 73 head of dairy cattle, which were sold by the sheriff in pursuance of the foreclosure. On March 3, 1947, an involuntary bankruptcy petition was filed against the plaintiff, and he was subsequently adjudged a bankrupt. At a meeting of creditors, the referee, on application of the RFC, passed an order abandoning the personal and real property covered by the security deed and bill of sale as being of no value to the unsecured creditors. Thereafter the RFC, under its alleged power of sale in the security deed, ad-

vertised the real estate and such personal property as had not been previously levied upon, for sale, and on the first Monday in April, 1947, bid in said property for $13,900, and executed to itself a deed to the land in pursuance of the power of attorney. Thereafter, on August 1, 1947, the RFC conveyed the land in dispute to Sherry L. West, who subsequently, in February, 1949, conveyed the same to the defendants. The plaintiff was discharged as a bankrupt on June 16, 1949. After the RFC had sold the land under the alleged power of sale, it acquired possession thereof by a dispossessory proceeding, in which no defense was made by the plaintiff or the trustee in bankruptcy.

The copy of the combination bill of sale and security deed attached to the petition shows that the plaintiff conveyed the land in question by deed, and by bill of sale conveyed many items of personalty. The deed recites that the real and personal property was conveyed to the grantee for the purpose of securing an indebtedness of $42,500, which the plaintiff acknowledged had been received, and contains a provision that, upon the plaintiff's failure to pay the indebtedness secured as the same should become due, the grantee had the option of declaring the entire debt remaining unpaid and secured as becoming due and payable at once. The grantee had power to sell "the land and/or personalty in one lot or in such lots or parcels as may seem best to it and it is understood that such powers of sale are not to be exhausted by a single exercise, but shall continue in effect until all the properties hereby conveyed are sold. Any right or remedy herein granted shall be cumulative of any right or remedy which could be availed of at law or in equity." The grantee was empowered, upon default in payment of the debt, to enter upon and take possession of the said property, real and personal, and to sell and dispose of the same at public auction to the highest bidder for cash, after first advertising the sale once a week for four weeks immediately preceding such sale.

■ The plaintiff's first contentions are: (1) The RFC, having repudiated its loan agreement, could not enforce any part of the loan contract by judicial or extra-judicial action, but could only sue upon a quantum meruit, which was terminated by the discharge of the plaintiff in bankruptcy; and (2) the bill of sale and security deed constitute one contract and are not divisible,

and the foreclosure and sale of the personal property exhausted the right of the grantee to sell the real estate under the power of sale, and the purported sale of the land under the security deed was void.

Where the owner of real estate conveys the same by deed to secure a debt, such conveyence passes title to such property to the grantee until the debt which the conveyance was made to secure is fully paid, with the right reserved to the grantor to have the property reconveyed to him upon payment of the debt secured. Code, § 67-1301; *Ashley* v. *Cook,* 109 *Ga.* 653 (1) (35 S. E. 89); *Capps* v. *Smith,* 175 *Ga.* 795 (2) (166 S. E. 234); *Byrd* v. *Goodman,* 195 *Ga.* 621 (25 S. E. 2d, 34). The security deed executed by the plaintiff to the RFC recites a consideration of $42,500. The fact that the grantee actually advanced to the plaintiff a lesser sum would not render the security deed invalid. The failure of the grantee in this regard would be a matter of defense in a foreclosure proceeding, but would not make the security deed invalid. *Barnes* v. *Downing Co.,* 154 *Ga.* 363 (2) (114 S. E. 223). The petition shows that, when the personal property was sold under the foreclosure and the real estate was sold under the power of sale, the plaintiff made no defense, nor any effort to prevent the sale under the power of sale. Cases such as *Bond* v. *Sullivan,* 133 *Ga.* 160 (2) (65 S. E. 376), and *Carlton* v. *Moultrie Banking Co.,* 170 *Ga.* 185 (1) (152 S. E. 215), relied on by the plaintiff to support the proposition that the security deed here is an entire contract and must stand or fall as whole, are not applicable, for the reason that these cases involved the illegality of a part of the contract. The allegations here did not show that the security deed was rendered invalid by the failure of the RFC to advance the full amount of the loan.

■ The listing of the deed to the RFC in the plaintiff's bankruptcy schedule, and his subsequent discharge, did not operate to divest the RFC of its title to the land under the security deed. *Broach* v. *Barfield,* 57 *Ga.* 601 (3); *Jay* v. *Whelchel,* 78 *Ga.* 786 (2), 789 (3 S. E. 906). The action of the trustee in bankruptcy, in refusing to administer the property and entering an order abandoning the same, did not affect or alter the title held by the RFC under the security deed. In so far as the property is

concerned, the plaintiff and the RFC stood on the same footing after as before the bankruptcy proceedings, with the right of the RFC to foreclose on the one hand, and the right of the plaintiff to redeem the property on payment of the debt on the other. See Ricketts *v.* First Trust Co. of Lincoln, Nebraska, 73 Fed. 2d, 599; Higginbotham-Bailey-Logan Co. *v.* Bellah (Tex. Civ. App.) 79 S. W. 2d, 907.

It is contended that the bill of sale to the personalty and the security deed to the realty constituted one entire and indivisible contract based upon one consideration; that, when the RFC exercised its right of foreclosure under the instrument as to the personal property, it exhausted its right to sell the real estate under the power of sale; that, when the RFC purchased the real estate at the sale under the power, it acquired no title to the land; and that a subsequent purchaser of it, though bona fide and for value, acquired no title. Conceding but not deciding that the sale under the purported power was void, the defendants' position as to title or right of possession was not changed. The sale did not render void the security deed, nor operate to satisfy the debt which the deed was given to secure. On this question, the ruling in *Ashley* v. *Cook,* 109 *Ga.* 653 (2), supra, is decisive. That case was a complaint for land, wherein the plaintiffs claimed title from A, and the defendant claimed title by reason of his purchase of the property at a sheriff's sale. A, subsequently to the making of the deed to the plaintiffs, gave a security deed, which was accepted and recorded by the grantee without any knowledge of the prior deed to the plaintiffs, who had not recorded their deed. The grantee in the security deed foreclosed the same, and the property was sold by the sheriff and bought in by the defendant. It was held that the sheriff's deed was void because the grantee in the security deed had never made a reconveyance of the property to the grantor. It appearing on the trial that the defendant was in possession of the land by reason of his purchase of the property at the foreclosure sale, and that he was subrogated to whatever rights the grantee in the security deed would have had if he had acquired possession under the deed, and that his possession as purchaser rested upon the security deed, which connected him with the grantee in the security deed—it was held that these facts were

sufficient to defeat the plaintiff's action for the land, and that it was not error to direct a verdict for the defendant. The petition here affirmatively shows that, after the RFC sold and bought in the property, it acquired possession under a dispossessory proceeding; that the defendants' claim of possession is directly connected with the claim of the grantee in the security deed; and that the defendants are subrogated to whatever rights the RFC had to the property at the time of the purported sale. *Dottenheim* v. *Union Savings Bank & Trust Co.*, 114 *Ga.* 788 (5) (40 S. E. 825). Though a plaintiff in ejectment may ordinarily recover upon his possession, he cannot do so where he goes further and shows affirmatively that the title and right of possession are in another. *Toms* v. *Quitman County*, 183 *Ga.* 391 (1) (188 S. E. 537).

The petition in the instant case showing that the plaintiff has neither title nor right of possession to the land in question, it was not error to sustain the general demurrers and dismiss the action.

*Judgment affirmed. All the Justices concur except Atkinson, P.J., not participating, and Candler, J., disqualified.*