### 35508. BARNARD *v.* BARNARD.

CARLISLE, J. Where, in a written "acknowledgment of indebtedness," given by the defendant to the plaintiff in consideration of the plaintiff's execution of a warranty deed to the defendant to certain described real property, the defendant acknowledges his indebtedness to the plaintiff and agrees that the sum owed shall become due and payable if and when the defendant "should sell, exchange, or otherwise dispose of said property," and the plaintiff brings an action for the sum acknowledged to be owed, in which it is alleged that the sum is due and payable by virtue of the defendant's having executed and delivered to a third person a warranty deed to the property to secure a loan by such third person to the defendant on such property, thereby fulfilling the condition of the acknowledgment of indebtedness, the petition in such action shows upon its face that no cause of action exists and is subject to general demurrer. The provisions of the acknowledgment of indebtedness are clear, concise, and unambiguous, and it is provided therein that the debt shall become due and payable in the event the defendant "should sell, exchange, or otherwise dispose" of the property. As used in the acknowledgment of indebtedness, the words "sell," "exchange," and "dispose" are ejusdem generis; that is to say, as used in the acknowledgment of indebtedness the words "exchange" and "dispose" are synonymous with the word "sell"; and, since the ordinary legal connotation of "sell" is to divest one's self of all rights and interest in the thing sold, the words

"exchange" and "dispose" carry that connotation in the acknowledgment of indebtedness. It is manifestly clear from the terms of the acknowledgment of indebtedness that the parties intended that the sum acknowledged to be owed should become due and payable only in the event the defendant divested himself of all rights and interest in the property, and it is clearly and certainly the law that one does not divest himself of all rights and interest in property by merely executing and delivering to another a warranty deed to secure a debt on the property. While Code § 67-1301 makes it exceedingly plain that deeds to secure debt do pass title to the property by which the debt is secured, such a deed does not divest the grantor in such deed of all his rights and interest in the property. *Pusser* v. *Thompson,* 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (NS) 571); *Chason* v. *O'Neal,* 158 *Ga.* 725 (124 S. E. 519); *House* v. *Tennessee Chemical Co.,* 159 *Ga.* 306 (125 S. E. 446); *Capps* v. *Smith,* 175 *Ga.* 795 (166 S. E. 234); and see especially *Lindsey* v. *Robinson,* 180 *Ga.* 648, 653 (180 S. E. 106), where the Supreme Court, in discussing a power of sale in a deed of trust, and after holding the words "sale" and "dispose" to be synonymous, said: "A security deed is not employed when it is intended to convey title out of the grantor without any reservation of a right to again become vested with the title upon the payment of the debt which is secured thereby," and in which case the court held that, while the trustee was empowered to sell and dispose of the property, he was not empowered to execute deeds to secure debt thereon. While the grantor in a security deed may divest himself of all rights and interest in the property covered by the deed by conveying his equitable estate therein (*Chason* v. *O'Neal,* supra), or he may be under some circumstances divested of all his rights and interest by the exercise of the power of sale contained in the security deed, it is not made to appear in the present petition that either of these eventualities has occurred, and the petition fails, therefore, to show that the amount owed has become due and payable by the occurrence of the eventuality upon which payment was conditioned in the acknowledgment of indebtedness. It follows that the trial court erred in overruling the general demurrer to the petition, and consequently all further proceedings were nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 18, 1955.

*Edwin Maner, Jr.,* for plaintiff in error.
*Edward J. Goodwin,* contra.