35802. PARHAM *v.* HEATH *et al.*

TOWNSEND, J. 1. Where, in a claim case, there is a contest between a prior unrecorded *conditional-sale contract* and a junior judgment on which execution has issued, the junior judgment creditor is entitled to priority. *Parham* v. *Heath,* 90 *Ga. App.* 26 (81 S. E. 2d 848).

2. Where, however, as here, upon the second trial of this case, it appears that there is also outstanding a valid and subsisting *bill of sale* executed prior to the rendition of such judgment, such *bill of sale* divests the defendant in execution of all title to the property, and, although unrecorded, is entitled to priority over the junior judgment. *Evans Motors of Ga.* v. *Hearn,* 53 *Ga. App.* 703 (186 S. E. 751); *Smith* v. *Worley,* 10 *Ga. App.* 280 (2) (73 S. E. 428); *Donovan* v. *Simmons,* 96 *Ga.* 340 (22 S. E. 966).

3. It is unnecessary to decide here whether the testimony of the claimant grantee in the bill of sale, to the effect that he did not accept the bill of sale in satisfaction of the indebtedness of the defendant in fi. fa. (grantor in the bill of sale), may be considered and taken to establish the fact that the bill of sale, although absolute on its face, was intended to be a mortgage only, or whether such testimony would contravene the provisions of Code § 67-104, as follows: "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried," there also being in the record undisputed evidence that possession of the property involved was turned over to the claimant by the defendant in fi. fa., and there being no issue as to fraud in the procurement of the instrument. If such testimony could be considered, it would only have the effect of reducing the bill of sale to the status of a bill of sale to secure debt (*Capps* v. *Smith,* 175 *Ga.* 795 (3), 166 S. E. 234; *Waldroup* v. *State,* 198 *Ga.* 144, 147, 30 S. E. 2d 896, 153 A. L. R. 914); and, before creditors of the grantor could levy upon the equity of redemption therein, there must have been a redemption accomplished by paying off the indebtedness. *Virginia-Carolina Chemical Co.* v. *Rylee,* 139 *Ga.* 669, 674 (78 S. E. 27).

4. The fact that such bill of sale, taken for security purposes, was not recorded does not, since the enactment of Code § 67-1305 (providing that the effect of failure to record a bill of sale to secure debt shall be the same as is the effect of failure to record a deed of bargain and sale), prevent such unrecorded bill of sale to secure debt from retaining its superiority in rank to the subsequent lien created by law, that is, the judgment lien of the plaintiff in fi. fa. *Cairo Banking Co.* v. *Citizens Bank,* 63 *Ga. App.* 690, 692 (11 S. E. 2d 806); *Mackler* v. *Lahman,* 196 *Ga.* 535, 537 (27 S. E. 2d 35). In this respect failure to record a conditional-sale contract differs materially from failure to record a mortgage or bill of sale to secure debt. See *Evans Motors of Ga.* v. *Hearn,* supra.

5. It follows that the evidence authorized a verdict in favor of the claimant, who had legal title to and possession of the property at the time of the judgment and levy thereunder, for which reason the trial court did not err in denying the motion for a new trial and the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 29, 1955.

*Northcutt & Edwards, Edwin R. Johnston,* for plaintiff in error. *J. Robin Harris, William B. Jones,* contra.