A96A0302. GLOVER et al. v. WARE et al.
(474 SE2d 1)

Judge Hilton Fuller.

In this legal malpractice case, the plaintiffs/appellees sought recovery against the defendants/appellants for failure to timely file an amended estate tax return seeking a refund for taxes paid under protest. The jury found for the plaintiffs and awarded compensatory damages.

Appellants assert that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict. We disagree and affirm.

The verdict was not authorized, say the appellants, because the "case within the case" legally could not have been successful as the original disclaimers, for several reasons, were void ab initio and could not be resurrected. Therefore, the failure to file for a refund caused no damages, or so the appellants assert.

The parties raise many issues; it is not necessary or appropriate to address many of them. The Court declines the appellants' invitation for a "strong" opinion resolving said-to-be unsettled questions of Georgia law. Similarly, a detailed factual statement is unnecessary.

This case is resolved by basic procedural law.

"A directed verdict (and judgment n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict. OCGA § 9-11-50 (a) (b)." (Emphasis in original.) *Union Camp v. Daley*, 188 Ga. App. 756 (374 SE2d 329) (1988).

The evidence does not demand a finding that the disclaimers would have foreclosed the possibility of a tax refund in some amount, either through litigation or negotiation. There was ample expert evidence to support the jury's finding that some refund would have been obtained. The amount of the verdict was within that authorized by the evidence.

Therefore, the denials of the directed verdict and the motion for j.n.o.v. were proper.

*Judgment affirmed. Presiding Judge Walter C. McMillan, Jr. and Judge Arthur W. Fudger concur. All Court of Appeals' Judges are disqualified.*

DECIDED MAY 30, 1996 —
RECONSIDERATION DENIED JULY 12, 1996 —

*Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Kathryn A. Cater*, for appellants.
*Kidd & Vaughan, David N. Schaeffer*, for appellees.

