A00A2534. GOODMAN et al. v. GLOVER et al.
(544 SE2d 214)

BARNES, Judge.

This legal malpractice case originates from the defense of a legal malpractice action against Clarence H. Glover, Jr. After a jury found he had committed legal malpractice and awarded the plaintiff $186,142.50, Glover and his professional corporation ("Glover") sued his defense counsel, William S. Goodman and Goodman, McGuffey, Aust & Lindsey ("Goodman"), for legal malpractice. In his complaint, Glover alleges that Goodman committed malpractice by failing to move for a directed verdict on a specific defense. According to Glover, this "ironclad" legal defense, which he believes entitled him to a verdict in his favor either at trial or on appeal, was lost as a result of law that Glover claims precludes this Court from considering on appeal grounds not specifically asserted in a motion for directed verdict. Goodman denies that he failed to properly preserve the defense in his motion for directed verdict and also argues that he could not have proximately caused any harm to Glover because this Court rejected the notion that Glover's "ironclad" defense would have resulted in a defense verdict in *Glover v. Ware,* 222 Ga. App. 297 (474 SE2d 1) (1996). After the parties filed cross-motions for summary judgment, the trial court, without explanation, granted judgment in favor of Glover for unliquidated damages in an amount to be determined at trial. We reverse because we are persuaded by Goodman's proximate cause argument.

The record shows that the malpractice action against Glover arose out of his "failure to timely file an amended estate tax return seeking a refund for taxes paid under protest." *Glover,* supra, 222 Ga. App. at 297. Glover defended this action, in part, by claiming the plaintiffs were not entitled to a tax refund as a matter of law even if he had timely filed the return because disclaimers, which he had prepared for the plaintiffs, were null and void. These disclaimers, according to Glover, were void because they were executed by a natural guardian instead of a guardian of the minor's property appointed

by the probate court. Glover's malpractice claim against Goodman arises out of Goodman's alleged failure to move for a directed verdict on this specific ground.

An essential element of a legal malpractice action is that any failure of an attorney "to exercise ordinary care, skill and diligence" must *proximately cause* the plaintiff's damages. *Tante v. Herring*, 264 Ga. 694 (1) (453 SE2d 686) (1994). This Court reviews the grant of summary judgment de novo, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998).

The proximate cause analysis in this case turns on the opinion we issued in the underlying legal malpractice case. *Glover*, supra, 222 Ga. App. 297. The issue before us was Glover's assertion "that the trial court erred in denying [his] motions for directed verdict and judgment notwithstanding the verdict." Id. We summarized Glover's argument as follows:

> The verdict was not authorized, say the appellants, because the "case within the case" legally could not have been successful as the original disclaimers, for several reasons, were void ab initio and could not be resurrected. Therefore, the failure to file for a refund caused no damages, or so the appellants assert.

Id. We then declined to address all of the issues raised by the parties because our review of the evidence demonstrated that a directed verdict was not warranted by the evidence. Id. We specifically stated:

> The evidence does not demand a finding that the disclaimers would have foreclosed the possibility of a tax refund in some amount, either through litigation or negotiation. There was ample expert evidence to support the jury's finding that some refund would have been obtained. The amount of the verdict was within that authorized by the evidence. Therefore, the denials of the directed verdict and the motion for j.n.o.v. were proper.

Id. at 298.

Because we decided the appeal in the underlying legal malpractice case on the merits and reached the issue that Glover claims his former defense counsel waived, Glover's malpractice claim fails on proximate cause grounds. As a result, the trial court erred when it granted Glover's motion for summary judgment and denied Goodman's motion for summary judgment.

*Judgment reversed. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 17, 2001 —
RECONSIDERATION DENIED FEBRUARY 6, 2001 — 

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Christopher D. Balch,* for appellants.

*Beltran & Associates, Frank J. Beltran, Douglas V. Chandler, Kaufman, Chaiken, Miller & Klorfein, Charlotte K. Perrell,* for appellees.